588 So.2d 1078 (1991)
DATALINE CORPORATION, a Connecticut corporation, and Convergent Business Systems, Inc., a Delaware corporation, Appellants,
v.
L.D. MULLINS LUMBER CO., INC. a Florida corporation, Appellee.
No. 91-1090.
District Court of Appeal of Florida, Fourth District.
November 13, 1991.
*1079 Alfredo Marquez-Sterling, Herzfeld and Rubin, Miami, for appellants.
J. Patrick Knight, Cromwell, Pfaffenberger, Dahlmeier, Barner & Griffin, North Palm Beach, for appellee.
ANSTEAD, Judge.
Appellants, Dataline Corp. and Convergent Business Systems, Inc., claim that the trial court erred in denying their motion to dismiss for improper venue and/or to transfer venue pursuant to a jurisdiction/venue clause in a contract between Dataline and appellee, L.D. Mullins Lumber Co., Inc. We affirm.

FACTS
Mullins entered into a contract prepared by Dataline to purchase and/or lease computer equipment from Dataline. When a contract dispute arose, Mullins filed suit in Florida. Dataline sought to dismiss the action for improper venue and/or to transfer venue to Connecticut per a forum clause in the contract which provides:
This Agreement shall be governed and construed according to the laws of the state of Connecticut and the customer expressly submits to the jurisdiction thereof and to the jurisdiction and venue for the federal district court for Connecticut at New Haven by process served by mail on customer at its address set forth on the cover page.
The trial court held that this constituted a permissive forum clause not requiring dismissal or transfer of the Florida action.

LAW
Florida law recognizes the rights of contracting parties to agree on the law to be applied to their disputes and the forum in which the dispute may be heard. Manrique v. Fabbri, 493 So.2d 437 (Fla. 1986). We have also recognized a distinction however, between forum clauses which limit jurisdiction to a certain forum and those clauses which merely permit a certain forum to exercise jurisdiction. The intent of the parties and the language used in the particular forum provision are the primary factors for determining if a provision is permissive or mandatory. Granados Quinones v. Swiss Bank Corp., 509 So.2d 273, 275 (Fla. 1987). If the language of a forum clause can be given more than one reasonable interpretation, it should generally be construed against the drafter when there is a dispute as to its meaning. Granados, 509 So.2d at 275, citing Zapata Marine Service v. O/Y Finnlines, Ltd., 571 F.2d 208, 209 (5th Cir.1978).
Dataline relies heavily on Manrique, wherein the supreme court found the following provisions could be enforced:
The laws of the Netherlands Antilles shall control in such case of any conflict or dispute between the parties to this agreement, who submit themselves to the jurisdiction ...
The laws of the Netherlands Antilles shall govern and control in case of any conflict among the parties who expressly submit themselves to the venue and jurisdiction of the Courts of the Netherlands Antilles.
Manrique, 493 So.2d at 438.
Based upon these contractual provisions, the supreme court quashed a Third District decision refusing to enforce such provisions, and held that Florida courts should decline to exercise jurisdiction where the parties have expressly agreed to litigate elsewhere.
The two provisions involved in Manrique appear similar to the provision before us now. However, Mullins correctly points out that the specific issue of "permissive v. mandatory" was not dealt with in Manrique, and was not formally recognized in *1080 Florida until Granados. In fact, the opinion in Granados explicitly notes that it is further defining the application of Manrique. Granados, 509 So.2d at 274-275. In essence, then, we have a relatively similar clause in Manrique where the supreme court held that such provisions are enforceable, but did not determine the specific question before us, and a holding in Granados recognizing that forum clauses may be mandatory or permissive. We believe Granados controls the outcome here.
Under Granados, Dataline has the burden on appeal to show that the determination of the trial court was clearly erroneous. Granados, 509 So.2d at 275. In addition, Dataline must show that the forum clause is not subject to two reasonable interpretations, since an ambiguous clause will be construed against the drafter. Id. We do not think that Dataline has met these standards.
Specifically, the relevant provision states:
... the customer expressly submits to the jurisdiction thereof and to the jurisdiction and venue for the federal district court for Connecticut at New Haven by process served by mail on customer at its address set forth on the cover page.

(Emphasis added).
It is obvious here that "customer" refers to Mullins. And from the emphasized portion, it appears that "customer" refers to the customer as the defendant. "Customer" would ordinarily be "served by process" only if it is the defendant. And, as there are no provisions restricting the rights of Mullins as a plaintiff, Mullins implicitly was left with the right to sue in any other appropriate forum, though Connecticut law must be applied.
We cannot know for certain the intent of the parties. However, we agree that the forum clause does not foreclose multiple interpretations. In essence, Dataline claims that the forum clause is exclusive and mandatory. Mullins claims on the other hand that the forum clause is permissive and only applies if Mullins is being sued by Dataline, and not vice versa. It appears that both of these interpretations are reasonable. That conclusion requires us to affirm the trial court's order finding the provision permissive.
DOWNEY and POLEN, JJ., concur.