894 So.2d 288 (2005)
REGAL KITCHENS, INC., Appellant,
v.
O'CONNOR & TAYLOR CONDOMINIUM CONSTRUCTION, INC., a Florida corporation, Appellee.
No. 3D04-2615.
District Court of Appeal of Florida, Third District.
February 9, 2005.
*289 Spencer & Klein, P.A. and Peter H. Leavy, Coral Gables, for appellant.
Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, and Richard R. Chaves, West Palm Beach, for appellee.
Before COPE, GREEN, and WELLS, JJ.
GREEN, J.
This is an appeal of a non-final order transferring Regal Kitchens Inc.'s ("Regal Kitchens") suit against O'Connor & Taylor Condominium Construction, Inc. ("O'Connor & Taylor"), from Miami-Dade County to Palm Beach County pursuant to a venue *290 provision contained in a contract between the parties. Finding that the subject venue provision is permissive rather than mandatory in nature, we reverse.
Regal Kitchens is a Miami-Dade-based corporation that sells kitchen cabinets, vanities and related equipment. O'Connor & Taylor, a Palm Beach contractor, is building a project known as "Jupiter Ocean Grande" in Jupiter, Florida. Regal Kitchens entered into a written subcontract with O'Connor & Taylor to provide cabinetry and associated equipment for this project. The contract contained the following venue clause:
Any litigation concerning this contract shall be governed by the law of the State of Florida, with proper venue in Palm Beach County.
During the course of this agreement, all invoices for the cabinetry were issued from, and payments were due at Regal Kitchens' Miami-Dade County office. When O'Connor & Taylor allegedly failed to pay certain invoices, Regal Kitchens instituted the action below on alternate theories of open account and account stated. O'Connor & Taylor responded by filing a motion to dismiss and motion to transfer venue asserting that the venue clause in the subcontract mandated that suit be brought in Palm Beach County. The trial court denied the motion to dismiss, but granted the motion to transfer venue based upon its conclusion that the venue provision was mandatory.
Regal Kitchens appeals this determination. We have jurisdiction pursuant to Rule 9.130(a)(3)(A) of the Florida Rules of Appellate Procedure. See Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999). "This rule enables a party to seek review of an adverse decision on venue before that party is forced to litigate the entire controversy in the wrong forum." Id.
The trial court's interpretation of the contractual venue provision presents a question of law. For this reason, our standard of review is de novo. See Ware Else, Inc. v. Ofstein, 856 So.2d 1079, 1081 (Fla. 5th DCA 2003); Mgmt. Computer Controls, Inc., 743 So.2d at 630.
Whether venue is proper in a particular forum, however, is not a matter of judicial discretion. If there is no legal basis to support the plaintiff's choice of venue, the trial court must dismiss the case or transfer it to a forum that is authorized under the applicable venue statute. This kind of venue motion usually presents an issue of law or a mixed issue of law and fact. The question is not whether the trial court should transfer venue, but whether it must.
Mgmt. Computer Controls, Inc., 743 So.2d at 630.
The question presented on this appeal is whether the venue provision in the subcontract is mandatory or permissive in nature. Florida courts have made a distinction between mandatory and permissive venue provisions. See Granados Quinones v. Swiss Bank Corp. (Overseas), 509 So.2d 273 (Fla.1987); Shoppes Ltd. P'ship v. Conn, 829 So.2d 356 (Fla. 5th DCA 2002); World Vacation Travel, S.A. v. Brooker, 799 So.2d 410 (Fla. 3d DCA 2001); Mgmt. Computer Controls, Inc., 743 So.2d 627 (Fla. 1st DCA 1999); Dataline Corp. v. L.D. Mullins Lumber Co., Inc., 588 So.2d 1078 (Fla. 4th DCA 1991).
In World Vacation Travel, S.A. v. Brooker, 799 So.2d 410, 412 (Fla. 3d DCA 2001), we found that mandatory venue clauses in contracts require or unequivocally specify, that a particular forum be the exclusive jurisdiction for litigation concerning the contract. Thus, in that case, where the parties agreed to be subjected *291 to the jurisdiction of the Cancun courts, forsaking any other jurisdiction which either party could claim by virtue of its residency, the provision was held to be mandatory. See also Golf Scoring Sys. Unltd., Inc. v. Remedio, 877 So.2d 827 (Fla. 4th DCA 2004) (venue provision specifying that "The parties hereto consent to Broward County, Florida, as the proper venue for all actions that may be brought pursuant hereto," held to be mandatory because the use of the word "the" refers to only one, to the exclusion of all others); Ware Else, Inc. v. Ofstein, 856 So.2d 1079, 1080 (Fla. 5th DCA 2003) (clause providing that any litigation "shall have its venue located exclusively" in Missouri held mandatory); Greenstreet Mgmt., Inc. v. Barker, 833 So.2d 183 (Fla. 5th DCA 2002) (contractual provision expressing that Miami-Dade County is the "exclusive venue for the enforcement" of the contract held mandatory); Mgmt. Computer Controls, Inc., (clause providing actions "shall be initiated and prosecuted" in Tennessee courts held mandatory); Prof'l Planning Servs., Inc. v. Sunshine Staff Leasing, Inc., 695 So.2d 883, 884 (Fla. 5th DCA 1997) (provision where parties "agreed that venue and jurisdiction shall be the Circuit Court, County of Highlands, Florida" held mandatory); Mercedes Homes, Inc. v. Osborne, 687 So.2d 840, 840 (Fla. 2d DCA 1996) (court held mandatory clause providing "Venue for any action arising herein or related hereto shall be in Brevard County, Florida.").
Permissive venue clauses, on the other hand, constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum. See Granados Quinones v. Swiss Bank Corp. (Overseas), 509 So.2d 273, 274-75 (Fla.1987). Thus, "[a] permissive forum selection clause may provide an alternative to the statutory choices of venue but it does not require the plaintiff to file suit in the forum referred to in the agreement." See Golden Palm Hospitality, Inc. v. Stearns Bank Nat'l Ass'n, 874 So.2d 1231, 1236 (Fla. 5th DCA 2004) (quoting Mgmt. Computer Controls, 743 So.2d at 631). Where the venue clauses lack mandatory or exclusive language, the courts have found them to be permissive. See, e.g., Granados Quinones, 509 So.2d 273 (venue clause providing that "the Creditor [Paris Bank] may choose to take legal proceedings to the competent Courts of the City of Guatemala" held permissive); Shoppes Ltd. P'ship v. Conn, 829 So.2d 356 (Fla. 5th DCA 2002) (language providing that "Grantor hereby consents to the jurisdiction" of Massachusetts courts held permissive); Sauder v. Rayman, 800 So.2d 355, 359 (Fla. 4th DCA 2001) (language providing that claims "may be heard and determined in any" Chicago federal court held permissive); Sanwa Bank, Ltd. v. Kato, 734 So.2d 557, 562 (Fla. 5th DCA 1999) (clause providing that borrower "shall agree that the Court having the jurisdiction in the locale in which the head office or branch office of your Bank is located" held permissive); Dataline Corp. v. L.D. Mullins, 588 So.2d 1078, 1080 (Fla. 4th DCA 1991) (provision that "the customer expressly submits to the jurisdiction thereof and to the jurisdiction and venue for the federal district court for Connecticut at New Haven by process served by mail on customer at its address set forth on the cover page" was permissive, not exclusive and mandatory).
In the instant case, although the venue clause unequivocally states that Florida law shall apply to any litigation of the subcontract, it lacks mandatory language or words of exclusivity to show that venue is proper only in Palm Beach County. See Shoppes Ltd. P'ship v. Conn., 829 So.2d at 357-58. That is to say, this clause does *292 not unequivocally mandate that a controversy or dispute be litigated in Palm Beach County, nor does it waive any other territorial jurisdiction. The language merely allows a party to file suit in Palm Beach County. The trial court's determination to the contrary was error, and, therefore, we reverse the order transferring this case to Palm Beach County.
Reversed and remanded for further proceedings.