909 So.2d 945 (2005)
CORSEC, S.L., a Spanish limited liability company, Appellant,
v.
VMC INTERNATIONAL FRANCHISING, LLC, Appellee.
No. 3D04-3020.
District Court of Appeal of Florida, Third District.
August 17, 2005.
Rehearing Denied September 26, 2005.
*946 Holland & Knight and Rodolfo Sorondo, Jr., and Christopher N. Bellows, Miami, for appellant.
Zarco Einhorn Salkowski & Brito and Robert Zarco and Robert F. Salkowski, Miami, for appellee.
Before FLETCHER, RAMIREZ, and WELLS, JJ.
WELLS, Judge.
Corsec, S.L., a Spanish company, appeals the denial of its motion to dismiss for improper venue, arguing that its franchise agreement with VMC International Franchising, a Florida limited liability company, mandated that actions against it by VMC be brought in Madrid, Spain. We agree.
In January 2002, Corsec and VMC entered into a franchise agreement in which they subjected themselves to the jurisdiction of the courts in Madrid and waived the right to proceed in any other forum:
The parties agree that their relationship as a result of this agreement will be governed by Spanish law. The parties expressly submit to the jurisdiction of the courts and tribunals of the capital City of Madrid, and they expressly waive their own forum, if it is different, due to their domicile or on other legal grounds.
By virtue of this provision, both parties agreed that in an action brought by VMC against Corsec venue is proper in only one place: Madrid.
VMC successfully avoided enforcement of this mandatory forum selection clause by arguing below that the length of time it would take to resolve this matter in *947 the Spanish courts (six or seven years) and the difficulties involved in procuring Spanish counsel to represent it on a contingency fee basis made this provision unreasonable and unjust and thus unenforceable. We disagree.
Forum selection clauses such as the one at issue here are presumptively valid. Benefit Ass'n Int'l, Inc. v. Mount Sinai Comprehensive Cancer Ctr., 816 So.2d 164, 168 (Fla. 3d DCA 2002), quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); World Vacation Travel S.A., de C.V. v. Brooker, 799 So.2d 410, 412 (Fla. 3d DCA 2001) (noting that enforcement of a forum selection clause does not violate Florida public policy). Courts are reluctant to interfere with parties' agreements generally concluding, as did the United States Supreme Court in Zapata, that "[w]hatever `inconvenience' [the plaintiff] would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting." Zapata, 407 U.S. at 17-18, 92 S.Ct. 1907. Thus, "inefficiency and lethargy in the [foreign] judicial system" will not render a selection clause unenforceable. Kanner v. Pan American Assistance, Inc., 807 So.2d 80, 82 (Fla. 3d DCA 2001). And as the Florida Supreme Court has noted, "the test of unreasonableness is not mere inconvenience or additional expense," rather it is the equivalent of no forum at all:
[I]t should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.
Manrique v. Fabbri, 493 So.2d 437, 440 n. 4 (Fla.1986), quoting Zapata, 407 U.S. at 18, 92 S.Ct. 1907.
No such showing has been made in this case. Accordingly, the order under review is reversed.