930 So.2d 814 (2006)
HOME LOAN CORPORATION d/b/a Expanded Mortgage Credit, Appellant,
v.
Sylvia AZA, Appellee.
No. 3D05-2138.
District Court of Appeal of Florida, Third District.
May 31, 2006.
*815 Kahn & Chenkin, Hollywood, and Howard N. Kahn, for appellant.
Law Offices of Richard B. Marx & Associates, and Richard B. Marx, Miami, for appellee.
Before COPE, C.J., and GERSTEN and SHEPHERD, JJ.
PER CURIAM.
Home Loan Corporation d/b/a Expanded Mortgage Credit appeals an order dismissing with prejudice its third amended complaint against Sylvia Aza. We reverse and remand for further proceedings.
The question presented is whether a corporate officer who has committed fraud or negligent misrepresentation while performing her duties within the course and scope of her employment as president of the corporation can be held personally liable. We conclude that, based upon the allegations in the third amended complaint, defendant-appellee Aza may be held individually liable for her own tortious acts committed in the scope of her employment by the corporation.
Home Loan, a residential mortgage lender, filed suit against several defendants involved in a residential loan transaction. At issue here are the counts of fraud and negligent misrepresentation (counts three and four) against Sylvia Aza, individually, for allegedly committing tortious acts while performing her duties as President of Genesis Title Services Corp. The third amended complaint alleges that Aza prepared, signed, and certified the HUD-1 settlement statement, which contained the knowingly false statements and material misrepresentations that the borrower paid a $500 deposit, and $4,066 cash to close. Home Loan alleges that the borrower never actually paid either amount.
The trial court dismissed the claims against Aza with prejudice. This was apparently done on the theory that since Aza signed the relevant documents in her capacity as corporate president, she could not be held personally liable. Home Loan has appealed.
The Fourth District has said:
A director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong. Accordingly, directors not parties to a wrongful act on the part of other directors are not liable therefor. If, however, a director or officer commits or participates in the commission of a tort, whether or not it is also by or for *816 the corporation, he is liable to third persons injured thereby, and it does not matter what liability attaches to the corporation for the tort. A contrary rule would enable a director or officer of a corporation to perpetrate flagrant injuries and escape liability behind the shield of his representative character, even though the corporation might be insolvent or irresponsible."
Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981) (emphasis added; citation omitted). See also White-Wilson Medical Center v. Dayta Consultants, Inc., 486 So.2d 659 (Fla. 1st DCA 1986).
The allegations in the third amended complaint sufficiently allege Aza's personal involvement and participation in the tortious acts which resulted in Home Loan's injuries.
Accordingly, we reverse the judgment of dismissal and remand for further proceedings.