966 So.2d 992 (2007)
SONUS-USA, INC., Appellant,
v.
THOMAS W. LYONS, INC. f/k/a Gulf Atlantic, etc., Appellee.
No. 5D07-1541.
District Court of Appeal of Florida, Fifth District.
September 28, 2007.
Mary Ruth Houston and Glennys Ortega Rubin of Shuts & Bowen, LLP, Orlando, for Appellant.
Michael R. Riemenschneider and William H. Cantwell, II of O'Brien, Riemenschneider, Wattwood & Cantwell, P.A., Melbourne, for Appellee.
MONACO, J.
We are once again confronted with the issue of whether a forum selection clause contained in a contract is mandatory or permissive. Because we view the clause used by the parties in the present case as mandatory, we reverse the order of the trial court declining to dismiss the case for improper venue.
*993 In a nutshell, the appellant, Sonus-USA, Inc., and the appellees, Thomas W. Lyons, Inc., f/k/a Gulf Atlantic Hearing Aids, Inc., Michael R. Riemenschneider, and William H. Cantwell, II (collectively, "Lyons"), entered into a contract containing the following clause:
Any controversy relating to this agreement or any modification or extension of it and any proceeding relating thereto shall be held in Minneapolis, Minnesota. The parties hereby submit to jurisdiction for any enforcement of this agreement in Minnesota.
A dispute arose between the parties, and Lyons brought suit in the Circuit Court of Brevard County. Sonus-USA moved to dismiss the complaint for improper venue, but its motion was denied. Following the denial of its motion for rehearing, Sonus-USA appealed. As this is an appeal of a non-final order relating to venue, we have jurisdiction pursuant to rule 9.130(a)(3), Florida Rules of Appellate Procedure. We use a de novo standard in reviewing this issue. See Golden Palm Hospitality, Inc. v. Stearns Bank Nat'l Ass'n, 874 So.2d 1231, 1234 (Fla. 5th DCA 2004).
Florida law authorizes parties to stipulate in their contract to the forum, venue and law that will be used to interpret and enforce their contract. See Manrique v. Fabbri, 493 So.2d 437, 440 (Fla. 1986). As we have said on a number of occasions, if a forum selection clause "unambiguously" mandates that litigation be subject to an agreed upon forum, then it is reversible error for the trial court to ignore the clause. See, e.g., Ware Else, Inc. v. Ofstein, 856 So.2d 1079, 1081 (Fla. 5th DCA 2003).
The general test for determining whether a clause is mandatory or permissive is the use by the parties of language indicating "exclusivity." Golden Palm Hospitality, 874 So.2d at 1236. "Absent such language, the clause will be considered permissive." Id. If the forum selection clause "state[s] or clearly indicate[s] that any litigation must or shall be initiated in a specified forum," then it is mandatory. Shoppes L.P. v. Conn, 829 So.2d 356, 358 (Fla. 5th DCA 2002). If, on the other hand, a venue clause is determined to be permissive, then it is "nothing more than a consent to jurisdiction and venue in the named forum and do[es] not exclude jurisdiction or venue in any other forum." Regal Kitchens, Inc. v. O'Connor & Taylor Condo. Constr., Inc, 894 So.2d 288, 289 (Fla. 3d DCA 2005); see Garcia Granados Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So.2d 273, 274-75 (Fla.1987).
In the present case there is nothing permissive about the language. It says that any proceeding relating to a controversy concerning the agreement, "shall be held in Minneapolis, Minnesota." The use of the word "shall" in the document is clearly "indicative of a mandatory provision rather than one that is permissive." Golden Palm Hospitality, 874 So.2d at 1236; see also Garcia Granados Quinones, 509 So.2d at 273-74. To make it even more certain, the parties then said that they submitted themselves to the jurisdiction of Minnesota for enforcement of the agreement. The language, we believe, is mandatory.
Lyons contends that the word "submit" connotes consent; thus, making the sentence, "The parties hereby submit to the jurisdiction for any enforcement of this Agreement in Minnesota," permissive. That view is strained.
First, the language of the initial sentence of the provision unquestionably says that contractual disputes "shall" be held in Minnesota. This is the specific language that makes jurisdiction in Minnesota mandatory. The following sentence in the provision only serves to confirm that when suit is brought in Minnesota, there will not *994 be a fight about whether the opposing party is required to defend there.
Secondly, given its normal usage, the word "submit," as used in the provision in question, makes manifest that the forum selection provision is mandatory. "Submit" is an intransitive verb meaning:
1. To yield to the opinion or authority of another; give in.
2. To allow onseself to be subjected; acquiesce.
The American Heritage Dictionary 1212 (Second College Ed.1982). If one applies the dictionary meaning of the word, the language means that parties here not only agreed to file their claims in Minnesota, they have also "yielded" or "subjected themselves" to the jurisdiction of the courts of Minnesota. Thus, the dictionary definition, as well as the context in which the word is used in the clause, demonstrate that the provision is mandatory. While Lyons suggests that the cases of Sauder v. Rayman, 800 So.2d 355 (Fla. 4th DCA 2001), and Dataline Corp. v. L.D. Mullins Lumber Co., Inc., 588 So.2d 1078 (Fla. 4th DCA 1991), indicate that the use of "submit" demonstrates that the clause is permissive and not mandatory, a review of the forum selection clauses in those cases confirms that while the word "submit" is found in each of those clauses, it was simply not determinative of the result. When considered as a whole, the language selected by the parties in this case is mandatory.
Accordingly, we reverse the denial by the trial court of the motion of Sonus-USA to dismiss for improper venue, and remand for entry of an order dismissing the present cause.
REVERSED AND REMANDED.
SAWAYA and LAWSON, JJ., concur.