967 So.2d 1006 (2007)
McWANE, INC., Appellant,
v.
WATER MANAGEMENT SERVICES, INC., a Florida Corporation, Consolidated Pipe & Supply Company, Inc., a Foreign Corporation, Boh Bros. Construction Co., LLC, a Foreign Limited Liability Company, and Blankenship Contracting, Inc., a Foreign Corporation, Appellees.
No. 1D07-1571.
District Court of Appeal of Florida, First District.
October 30, 2007.
*1007 Lannie D. Hough, Jr. of Carlton Fields, P.A., Tampa; Robert W. Pass and Christine R. Davis of Carlton Fields, P.A., Tallahassee, for Appellant.
Michael F. Coppins of Coppins Monroe Adkins Dincman & Spellman, P.A., Tallahasssee, and Nicholas Yonclas of Nicholas Yonclas, P.A., Eastpoint, for Appellee Water Management Services; Steven M. Puritz, Brandice D. Dickson, and Cynthia S. Tunnicliff of Pennington Moore Wilkinson Bell & Dunbar, P.A., Tallahassee, for Appellee Blankenship Contracting, Inc.
ALLEN, J.
The appellant challenges a nonfinal order by which the trial court declined to enforce a mandatory forum selection provision in a contract. Because the circumstances presented in this case warrant the trial court's ruling, we affirm.
This appeal arises from a civil suit for breach of contract and warranty against multiple defendants from multiple states for damages resulting from the structural failure of a line of pipe carrying potable water to St. George Island. Each named defendant was responsible for a particular stage in the manufacture, preparation, transportation, and installation of the pipe. Affirmative defenses were raised and cross-claims were presented. Two defendants, including the appellant, moved for a dismissal of the suit (the appellant also sought dismissal of a cross-claim), seeking enforcement of forum selection provisions in their contracts with the plaintiff wherein it was agreed that legal disputes such as this would be resolved in states other than Florida. The plaintiff argued, and the trial court agreed, that enforcement of the provisions would be unreasonable and unjust.
A party seeking to avoid the enforcement of a mandatory contractual forum selection provision as unreasonable or unjust must demonstrate that trial in the agreed-upon forum "will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Manrique v. Fabbri, 493 So.2d 437, 440 n. 4 (Fla.1986) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). Although mere inconvenience or additional expense will not suffice, a venue provision may be avoided when it appears that enforcement of the provision will lead to multiple lawsuits, a splitting of the causes of action, and the potential for conflicting results in different courts. Dore v. Roten, 911 So.2d 218 (Fla. 2d DCA 2005); see also Carlson-Southeast Corp. v. Geolithic, Inc., 530 So.2d 1069 (Fla. 1st DCA 1988). The circumstances involved in this case, legally and factually interrelated claims and cross-claims alleging structural damage to a single line of pipe by multiple defendants from multiple states, demonstrate that enforcement of the forum selection provisions *1008 would be unjust and unreasonable. We accordingly affirm the order under review.
VAN NORTWICK and PADOVANO, JJ., concur.