ROTHENBERG, J.
 

 The defendant, Celistics, LLC (“Celis-tics”), appeals from a non-final order denying its motion to dismiss, based on the trial court’s finding that the forum selection clause in the Service Agreement (“Agreement”), which the parties are allegedly subject to, is permissive, not mandatory.
 
 *825
 
 Because we conclude that the forum selection clause is mandatory, we reverse the order under review and remand for entry of an order granting Celistics’ motion to dismiss.
 

 The plaintiff, Juan Manuel Gonzalez (“Gonzalez”), an Argentinean national, filed a complaint against Celistics, which is headquartered in Miami-Dade County, asserting claims for unpaid wages and vacation pursuant to section 448.08, Florida Statutes (Count I); breach of written employment agreement (Count II); breach of written severance agreement (Count III); and restitution based on the theory of equitable estoppel (Count IV). The complaint alleges that Celistics induced Gonzalez to relocate to the United States with his family to accept employment with Cel-istics for a term of at least one year. Prior to relocating, Celistics confirmed its assurances in writing, and in reliance, Gonzalez and his family relocated, incurring significant financial obligations. Despite Celistics’ assurance that the duration of Gonzalez’s employment would not be for less than one year, Celistics terminated Gonzalez after five months.
 

 Celistics filed a motion to dismiss. At the hearing, one of the primary issues addressed by the parties was whether venue necessarily lies in Madrid based on the forum selection clause, which provides as follows: “In the event of any doubt, question or conflict which may arise from the interpretation or implementation of this agreement, the parties agree to select the venue and jurisdiction of the Courts and Tribunals of the city of Madrid.” Following the hearing, the trial court entered an order denying Celistics’ motion to dismiss, finding that the forum selection clause is permissive as it does not contain any words of exclusivity. Celistics’ non-final appeal followed.
 

 As the trial court’s order denying Celis-tics’ motion to dismiss was based on the interpretation of the contractual forum selection clause, this Court’s standard of review is de novo.
 
 See Weisser v. PNC Bank, N.A.,
 
 967 So.2d 827, 830 (Fla. 3d DCA 2007);
 
 DVDPlay, Inc. v. DVD 123 LLC,
 
 930 So.2d 816, 818 (Fla. 3d DCA 2006);
 
 Regal Kitchens, Inc. v. O’Connor & Taylor Condo. Constr., Inc.,
 
 894 So.2d 288, 290 (Fla. 3d DCA 2005) (“The trial court’s interpretation of the contractual venue provision presents a question of law. For this reason, our standard of review is de novo.”).
 

 “[C]ontracting parties have the right to select and agree on a forum in which to resolve future disputes.”
 
 Golden Palm Hospitality, Inc. v. Stearns Bank Nat’l Ass’n,
 
 874 So.2d 1231, 1234 (Fla. 5th DCA 2004);
 
 see also Prof'l Planning Servs., Inc. v. Sunshine Staff Leasing, Inc.,
 
 695 So.2d 883, 884 (Fla. 5th DCA 1997) (“Parties to a contract can agree to the venue of any action to enforce a contract.”). There is, however, a distinction between mandatory and permissive forum selection clauses.
 
 See Regal Kitchens,
 
 894 So.2d at 290. As the Florida Supreme Court recognized in
 
 Garcia Granados Quinones v. Swiss Bank Corp. (Overseas), S.A.,
 
 509 So.2d 273 (Fla.1987), mandatory forum selection clauses provide “for a mandatory and exclusive place for future litigation,” whereas permissive forum selection clauses “constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum.”
 
 Id.
 
 at 274-75;
 
 see also Shoppes Ltd. P’ship v. Conn,
 
 829 So.2d 356, 357-58 (Fla. 5th DCA 2002) (“Florida courts recognize a distinction between mandatory jurisdiction clauses in contracts which require that a particular forum be the exclusive jurisdiction for litigation concerning the contract, and per
 
 *826
 
 missive jurisdiction clauses which only provide that there may be jurisdiction over such litigation in a particular forum.”). The general rule is that a forum selection clause will be considered permissive if it lacks words of exclusivity.
 
 See Golf Scoring Sys. Unlimited, Inc. v. Remedio,
 
 877 So.2d 827 (Fla. 4th DCA 2004);
 
 Sauder v. Rayman,
 
 800 So.2d 355, 358 (Fla. 4th DCA 2001) (holding that “[florum selection clauses are permissive rather than mandatory where they lack words of exclusivity”).
 

 Celistics argues that, although the forum selection clause in the Agreement does not use the words “shall” or “must,” it is nonetheless mandatory. In support of its argument, Celistics relies on
 
 Golf Scoring Systems
 
 in which the Fourth District held that the following forum selection clause was mandatory: “The parties hereto consent to Broward County, Florida, as the proper venue for all actions that may be brought pursuant hereto.” The Fourth District noted that, although the forum selection clause did not use “magic words” of exclusivity, such as “shall” or “must,” the language employed in the clause “does clearly indicate that it is mandatory in nature.”
 
 Id.
 
 at 829. The Fourth District reasoned that the word “the” before the phrase “proper venue” limits venue to only one venue — Broward County — “to the exclusion of all others.”
 
 Id.
 

 As in
 
 Golf Scoring Systems,
 
 the forum selection clause in the Agreement does not use the “magic words” “shall” or “must,” or other words or phrases, such as “forsaking any other jurisdiction,” “exclusively,” or “only,” which generally are words of exclusivity.
 
 See Weisser,
 
 967 So.2d at 331 (holding that forum selection clause is mandatory where it provides that “[t]he parties further consent to the exclusive jurisdiction” in specified venues);
 
 Bombardier Cap. Inc. v. Progressive Mktg. Group, Inc.,
 
 801 So.2d 131, 133 (Fla. 4th DCA 2001) (holding that forum selection clause, which provides “shall be brought only in a court located in the city and state of New York,” was mandatory);
 
 World Vacation Travel, S.A., de C.V. v. Brooker,
 
 799 So.2d 410, 411 (Fla. 3d DCA 2001) (holding that forum selection clause is mandatory as it provides, “[i]n case of any controversy or dispute in the interpretation of this agreement, both parties agree and accept to be subjected to the jurisdiction and competence of the Administrative Authorities and Courts of the city of Cancun, Municipality of Benito Juarez, in the State of Quintana Roo, Mexico, and the Federal Consumer Office, forsaking any other jurisdiction which either party may claim by virtue of its residency”). Nonetheless, the forum selection clause in the Agreement does employ language of exclusivity — “the parties agree to select the venue and jurisdiction of the Courts and Tribunals of the city of Madrid.” The word “agree” is defined as “[t]o concur; come into harmony; give mutual assent; unite in mental action; exchange promises; make an agreement; arrange; to settle,”
 
 Black’s Law Dictionary
 
 66 (6th. 1994), and the term “select” is defined as “[t]o take by preference from among others; to pick out; to cull.”
 
 Id.
 
 at 1359. Thus, based on the plain and unambiguous language, the parties agreed that if there was any litigation stemming from the “interpretation or implementation” of the Agreement, it would take place in Madrid, to the exclusion of all other possible venues. Accordingly, we conclude that the forum selection clause is mandatory, not permissive, and therefore, reverse the non-final order denying Celistics’ motion to dismiss, and remand for entry of an order granting the motion to dismiss.
 

 Reversed and remanded.