On motion for rehearing

RAMIREZ, J.
We deny the appellee’s motion for rehearing, but substitute the following opinion for our original opinion.
*1091 American Safety Casualty Insurance Company appeals from an order denying its motion to dismiss on the basis of improper venue. We reverse because the two insurance contracts which form the basis of the claims against American contain mandatory and enforceable Georgia forum selection clauses. The trial court erred when applying a limited exception to the well-settled rule under Florida law of enforcing mandatory forum selection clauses.
Appellee Mijares Holding Company, LLC is a Florida company which conducts business in Miami-Dade County. Mijares owns Bulk Express Transport Inc., which provides specialty trucking services within this state. In 2004, Mijares purchased commercial motor vehicle liability insurance from American and allegedly co-defendant Odyssey American Reinsurance Corporation.
In July 2007, during the 2007-2008 coverage period, a Bulk Express Transport vehicle was involved in an accident. Mi-jares allegedly settled the resulting personal injury claims with the consent and knowledge of both American and Odyssey. Despite the accident and resulting settlement, Mijares signed another release form with American in 2008. According to American, in executing the 2008 release, Mijares acknowledged in writing that it had reported no claims during the 2007-2008 policy period and agreed to indemnify American for any claims which it could have reported during that same period.
Mijares subsequently sought reimbursement from American and Odyssey. Mi-jares alleges that both carriers rejected its reimbursement claim on the $1 million settlement. Mijares sued and brought a total of ten counts against American and Odyssey. The counts against American included: count I, rescission of the American policies; count II, declaratory judgment against American (seeking a declaration that the American policies are void as against Florida public policy); and count VI, breach of contract against American.
American moved to dismiss, asserting that Georgia was the proper venue for any claims relating to the rights and obligations of the insurance policy. American’s motion was based on section III of the Coverage Form for the 2007-2008 American policy agreement, in which American alleged Mijares specifically and expressly agreed that the Superior Court of Cobb County, Georgia “shall have jurisdiction and venue” in determining the parties’ respective rights and obligations under the agreement. The trial court denied American’s motion to dismiss.
The interpretation of a contractual forum selection clause is a question of law, such that our standard of review is de novo. See Celistics, LLC v. Gonzalez, 22 So.3d 824, 825 (Fla. 3d DCA 2009); Weisser v. PNC Bank, N.A., 967 So.2d 327, 330 (Fla. 3d DCA 2007).
The trial court erred when it denied American’s motion to dismiss, which sought to enforce a venue selection clause. Florida courts have long recognized that “[f]orum selection clauses are presumptively valid.” Corsee, S.L. v. VMC Int’l Franchising, LLC, 909 So.2d 945, 947 (Fla. 3d DCA 2005). They “provide a degree of certainty to business contracts by obviating jurisdictional struggles and by allowing parties to tailor the dispute resolution mechanism to their particular situation.” Manrique v. Fabbri, 493 So.2d 437, 439 (Fla.1986). Forum selection clauses reduce litigation over venue, thereby conserving judicial resources, reducing business expenses, and lowering consumer prices. See America Online, Inc. v. Booker, 781 So.2d 423, 425 (Fla. 3d DCA 2001).
*1092 Florida law presumes that the forum selection clauses in contracts are valid and enforceable, and a party seeking to avoid enforcement of such a clause must establish that enforcement would be unjust or unreasonable. See Corsee, 909 So.2d at 947; see also Manrique, 493 So.2d at 440, n. 4. The enforcement is unreasonable and unfair only when the designated forum amounts to “no forum at all.” Corsee, 909 So.2d at 947. Mijares has not shown that the forum selection clause is unreasonable or unjust. Mijares freely bargained for and contracted with American with full knowledge of this forum selection clause.
“The polestar guiding the court in the construction of a written contract is the intent of the parties, and where the language used is clear and unambiguous the parties’ intent must be garnered from that language[.]” TECO Barge Line, Inc. v. Hagan, 15 So.3d 863, 865 (Fla. 2d DCA 2009) (quoting Bombardier Capital, Inc., v. Progressive Mktg. Group, Inc., 801 So.2d 131, 134 (Fla. 4th DCA 2001)). The 2007-2008 policy states, “the Named Insured ... agrees that such court shall have jurisdiction and venue for the purposes of determining all rights and obligations under this agreement.” This language is clear and unambiguous. See Weisser, 967 So.2d at 330. In addition, Mijares conceded that the clause in the 2008 release was clear and mandatory.
Mijares asserts that litigation in Georgia might produce results inconsistent with the litigation remaining in Miami and that this constitutes a compelling reason to keep the litigation in Miami. While we agree that inconsistent and simultaneous interstate litigation is an applicable compelling reason, see McWane, Inc. v. Water Mgmt. Servs., Inc., 967 So.2d 1006 (Fla. 1st DCA 2007), we do not agree it applies in this case to override Florida law’s presumption in favor of enforcing forum selection clauses. Mijares’ arguments regarding the possible impractical or inconsistent litigation it may have to pursue against other defendants who need not litigate in Georgia, do not overcome the certainty that Mijares freely agreed to the mandatory forum selection clause as to its claims against American. See, e.g., Taurus Stornoway Invs., LLC v. Kerley, 38 So.3d 840, 842-43 (Fla. 1st DCA 2010). Under Florida law, the presumption is in favor of enforcing party’s choice to select jurisdiction before another sovereign’s courts, in this case Georgia, through a forum selection clause. See Manrique, 493 So.2d at 440. The hypothetical risk of inconsistent outcomes, based upon a case involving other defendants, does not support depriving American of the benefits of a valid forum selection clause. See Taurus Stornoway Invs., 38 So.3d at 843; Booker, 781 So.2d at 424-25. The primary forum for litigating American’s liability will be Georgia, as was intended by the parties in entering into the forum selection clause.
In a similar argument, Mijares also asserts that, by litigating in both Florida and Georgia, it would be forced to split its causes of action against American because Mijares will be required to litigate similar issues in two forums. According to Mi-jares, this is because the Georgia forum selection clauses do not govern two of its three claims against American. Mijares concedes, however, that the clauses apply to the third claim, breach of contract, because they govern all suits seeking to enforce or interpret the contracts. These other two claims relate to the validity of the entire contract, and thus must be submitted to the forum chosen by the parties in the contract. Bovis Homes, Inc. v. Chmielewski, 827 So.2d 1038, 1039 (Fla. 2d DCA 2002) (“We further conclude ... that the mandatory venue selection provision of *1093 the contract applies to the Chmielweskis’ fraudulent misrepresentation claim as well.”); Business Aide Computers, Inc. v. Cent. Fla. Mack Trucks, Inc., 432 So.2d 681, 682 (Fla. 5th DCA 1983) (finding forum selection clause applied to an action to rescind the contract). Consequently, there is no need for splitting the causes of action against American.
We therefore reverse and remand with directions to dismiss American from this action because the forum selection clause expressly stipulates that jurisdiction be had in Cobb County, Georgia.
Reversed and remanded with directions.