On Motion for Rehearing

CORTINAS, J.
We grant Santana Sales & Marketing Group, Inc.’s (“Appellee”) amended motion for rehearing, withdraw our former opinion dated November 14, 2012, and substitute the following opinion in its stead:
Espresso Disposition Corporation 1 and Rowland Coffee Roasters, Inc. (collectively “Appellants”) seek review of the trial court’s order denying their motions to dismiss Appellee’s third amended complaint. Appellants claim that the trial court erred in denying their motions to dismiss because the plain and unambiguous language in the parties’ brokerage agreement contains a mandatory forum selection clause requiring that all lawsuits brought under the agreement shall be in Illinois. We agree.
Espresso Disposition Corporation 1 and Santana and Associates entered into the brokerage agreement in 2002.[1] The agreement provides for a mandatory forum selection clause in paragraph 8. The provision states:
*594 The venue with respect to any action 'pertaining to this Agreement shall be the State of Illinois. The laws of the State of Illinois shall govern the application and interpretation of this Agreement.
(Emphasis added). However, Appellee filed a lawsuit against Appellants alleging a breach of the agreement in Miami-Dade County, Florida. In fact, Appellee filed four subsequent complaints — an initial complaint, amended complaint, second amended complaint, and third amended complaint — after each and every previous pleading’s dismissal was based upon venue as provided for in the agreement’s mandatory forum selection clause. Appellee’s third amended complaint alleges the forum selection clause was a mistake that was made at the time the agreement was drafted. Additionally, Appellee attached an affidavit which states that, in drafting the agreement, Appellee’s principal copied a form version of an agreement between different parties, and by mistake, forgot to change the venue provision from Illinois to Florida. In response, Appellants filed their motions to dismiss the third amended complaint, which the trial court denied.[2] Because the trial court erred in denying Appellants’ motions to dismiss that sought to enforce a forum selection clause, we reverse and remand for entry of an order dismissing the third amended complaint.
Florida appellate courts interpret a contractual forum selection clause under a de novo standard of review. Am. Safety Cas. Ins. Co. v. Mijares Holding Co., LLC, 76 So.3d 1089, 1091 (Fla. 3d DCA 2011) (citations omitted). Likewise, “[a]s the trial court’s order denying [appellant’s] motion to dismiss is based on the interpretation of the contractual forum selection clause, this Court’s standard of review is de novo.” Celistics, LLC v. Gonzalez, 22 So.3d 824, 825 (Fla. 3d DCA 2009). Therefore, the narrow issue before this Court is whether the brokerage agreement provides for a mandatory forum selection clause that is enforceable under Florida law.
Florida courts have long recognized that “forum selection clauses such as the one at issue here are presumptively valid.” Corsec, S.L. v. VMC Int’l Franchising, LLC, 909 So.2d 945, 947 (Fla. 3d DCA 2005) (enforcing forum selection clause in agreement that stated: “[t]he parties expressly submit to the jurisdiction of the courts and tribunals of the capital City of Madrid_”). This is because forum selection clauses “provide a degree of certainty to business contracts by obviating jurisdictional struggles and by allowing parties to tailor the dispute resolution mechanism to their particular situation.” Am. Safety Cas., 76 So.3d at 1091 (quoting Manrique v. Fabbri, 493 So.2d 437, 439 (Fla.1986)). Moreover, “[fjorum selection clauses reduce litigation over venue, thereby conserving judicial resources, reducing business expenses, and lowering consumer prices.” Am. Safety Cas., 76 So.3d at 1091.
Because Florida law presumes that forum selection clauses are valid and enforceable, the “party seeking to avoid enforcement of such a clause must establish that enforcement would be unjust or unreasonable.” Am. Safety Cas., 76 So.3d at 1092; see also Corsee, 909 So.2d at 947; Manrique, 493 So.2d at 440, n. 4. Under *595 Florida law, the clause is only considered unjust or unreasonable if the party seeking avoidance establishes that enforcement would result in “no forum at all.” Am. Safety Cas., 76 So.3d at 1092 (quoting Corsee, 909 So.2d at 947); see also Golden Palm Hospitality, Inc. v. Steams Bank Nat’l Ass’n, 874 So.2d 1231, 1235 (Fla. 5th DCA 2004) (“Thus, it is generally appropriate for a court in Florida, as a procedural issue, to determine the validity and enforceability of a forum selection clause despite a choice of law provision in the agreement.”). There is absolutely no set of facts that Appellee could plead and prove to demonstrate that Illinois state courts do not exist. Illinois became the twenty-first state in 1818, and has since established an extensive system of state trial and appellate courts. Clearly, Appel-lee failed to establish that enforcement would be unreasonable since the designated forum — Illinois—does not result in Ap-pellee’s having “no forum at all.”
Further, “[a]s we have said on a number of occasions, if a forum selection clause ‘unambiguously’ mandates that litigation be subject to an agreed upon forum, then it is reversible error for the trial court to ignore the clause.” Sonus-USA, Inc. v. Thomas W. Lyons, Inc., 966 So.2d 992, 993 (Fla. 5th DCA 2007). Generally, the clause is mandatory where the plain language used by the parties indicates “exclusivity.” Sonus-USA Inc., 966 So.2d at 993 (quoting Golden Palm Hospitality, Inc., 874 So.2d at 1236. Importantly, “[i]f the forum selection clause state[s] or clearly indicated] that any litigation must or shall be initiated in a specified forum, then it is mandatory.” Sonus-USA, Inc., 966 So.2d at 993 (quoting Shoppes L.P. v. Conn, 829 So.2d 356, 358 (Fla. 5th DCA 2002) (internal quotation marks omitted) (emphasis added). Here, the agreement’s plain language provides that the venue for any action relating to a controversy under the agreement any litigation “shall be the State of Illinois.” See Sonus-USA, Inc., 966 So.2d at 993 (holding that the agreement’s use of the word shall indicated the forum selection clause was a mandatory provision that must be enforced); see also Corsee, S.L., 909 So.2d at 946. The clear language unequivocally renders the forum selection clause mandatory.
Appellee would have us create an exception to our jurisprudence on mandatory forum selection clauses based on their error in cutting and pasting the clause from another agreement. Of course, the origin of “cutting and pasting” comes from the traditional practice of manuscript-editing whereby writers used to cut paragraphs from a page with “editing scissors,” that had blades long enough to cut an 8½" —wide page, and then physically pasted them onto another page. Wikipedia, http://en.wikipedia.org/wiki/Cut,_copy,_ ancLpáste (last visited September 17, 2012). Today, the cut, copy, and paste functions contained in word processing software render unnecessary the use of scissors or glue. However, what has not been eliminated is the need to actually read and analyze the text being pasted, especially where it is to have legal significance. Thus, in reviewing the mandatory selection clause which Appellant seeks to enforce, we apply the legal maxim “be careful what you ask for” and enforce the pasted forum.
Accordingly, we reverse trial court’s denial of the motions to dismiss Appellee’s third amended complaint on the basis of improper venue, and remand for entry of an order of dismissal.[3]
Reversed and remanded.

. Rowland assumed the agreement in May 2011. Rowland purchased Espresso Disposition Corporation f/k/a Rowland Coffee Roasters. Thus, Rowland acquired Rowland Coffee Rosters. As such, the Rowland Coffee Roasters named in the 2002 agreement in now Espresso Disposition Corporation.

. During the pendency of the underlying lawsuit, Appellants filed and served three separate motions for sanctions pursuant to section 57.105, Florida Statutes, claiming that Appel-lee’s lawsuit was frivolous given the well-established law on mandatory forum selection provisions and the substantive deficiencies in Appellee's allegations.

. Appellee did not argue unilateral mistake to the trial court. However, even if Appellee had so argued, any purported unilateral mistake resulted from an inexcusable lack of due care on the part of Appellee’s counsel, thereby precluding relief under a theory of unilateral mistake. See Stamato v. Stamato, 818 So.2d 662 (Fla. 4th DCA 2002); BMW of N. Am., Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985).
Although Appellee argued mutual mistake, that argument was equally meritless as there was simply no evidence in the record of any mistake whatsoever by Appellants. See Keystone Creations, Inc. v. City of Delray Beach, 890 So.2d 1119 (Fla. 4th DCA 2004); Feldman v. Kritch, 824 So.2d 274, 277 (Fla. 4th DCA 2002) (”It is never the role of the trial court to rewrite a contract to make it more reasonable for one of the parties or to relieve a party from what turns out to be a bad bargain.”).