# Third District Court of Appeal

## State of Florida

Opinion filed September 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0274
Lower Tribunal No. 2023-16945-CA-01
_____

**Sianie Joseph,**
Appellant,

vs.

**Princess Marketing LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Antonio G. Hernandez, P.A., and Antonio G. Hernandez, for appellant.

No appearance, for appellees.

Before FERNANDEZ, SCALES and GORDO, JJ.

GORDO, J.

Sianie Joseph ("Joseph") appeals an order granting Princess Marketing, LLC ("Princess Marketing"), WealthyCollegeKid, LLC ("WCK") and Christianna Hurt's ("Hurt") motion to dismiss the complaint for improper venue. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm in part and reverse in part.

## I.

Joseph entered into a contract with Princess Marketing, wherein Princess Marketing agreed to assist Joseph in a new business venture. In May 2023, Joseph filed a complaint against Princess Marketing, WCK and Hurt in Miami-Dade County for breach of contract, fraud and a violation of the Florida Deceptive and Unfair Trade Practices Act. The defendants filed a motion to dismiss alleging Miami-Dade was an improper venue because the contract contained a forum selection clause requiring all actions stemming from the agreement to be brought in Orlando, Florida. Joseph responded in opposition asserting venue was proper in Miami-Dade. After a hearing, the trial court granted the defendants' motion and dismissed the case with prejudice.[1] This appeal followed.

---

[1] The trial court also found Joseph lacked standing to sue Hurt. Finding no error in the trial court's dismissal of Hurt as an inappropriate defendant, we affirm that portion of the trial court's order without further discussion. See Home Loan Corp. v. Aza, 930 So. 2d 814, 815 (Fla. 3d DCA 2006) ("A director or officer of a corporation does not incur personal liability for its torts

**II.**

"The interpretation of a contractual forum selection clause is a question of law, such that our standard of review is de novo." Am. Safety Cas. Ins. Co. v. Mijares Holding Co., LLC, 76 So. 3d 1089, 1091 (Fla. 3d DCA 2011). "An order granting a motion to dismiss also presents a pure question of law and is subject to de novo review." W. Bay Plaza Condo. Ass'n, Inc. v. Sika Corp., 338 So. 3d 32, 34 (Fla. 3d DCA 2022) (quoting Abitbol v. Benarroch, 273 So. 3d 147, 153 (Fla. 3d DCA 2019)). While a trial court is typically limited to the four corners of the complaint when considering a motion to dismiss, "there are several exceptions to this general rule." Steiner Transocean Ltd. v. Efremova, 109 So. 3d 871, 873 (Fla. 3d DCA 2013). "[A] court is permitted to consider evidence outside the four corners of the complaint where the motion to dismiss challenges . . . improper venue." Id. (footnote omitted).

On appeal, Joseph challenges the trial court's enforcement of the contractual forum selection clause. "It is well established that 'parties may provide by their agreement where suit may be brought to enforce it.'" Pocock v. Pocock, 360 So. 3d 1219, 1222 (Fla. 2d DCA 2023) (quoting Interval Mktg.

merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong." (quoting Orlovsky v. Solid Surf, Inc., 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981))).

Assocs., Inc. v. Sea Club Assocs. IV, Ltd., 468 So. 2d 262, 263 (Fla. 2d DCA 1985)). As such, forum selection clauses are presumptively valid, and the party seeking to prevent enforcement must prove that such enforcement would be unjust or unreasonable. Am. Safety Cas. Ins. Co., 76 So. 3d at 1092. "The enforcement is unreasonable and unfair *only* when the designated forum amounts to 'no forum at all.'" Id. (quoting Corsec, S.L. v. VMC Int'l Franchising, LLC, 909 So. 2d 945, 947 (Fla. 3d DCA 2005)).

Importantly, courts must construe whether the clause is mandatory or permissive. Regal Kitchens, Inc. v. O'Connor & Taylor Condo. Constr., Inc., 894 So. 2d 288, 290 (Fla. 3d DCA 2005). "[M]andatory venue clauses in contracts require or unequivocally specify, that a particular forum be the exclusive jurisdiction for litigation concerning the contract." Id. (citing World Vacation Travel, S.A. v. Brooker, 799 So. 2d 410, 412 (Fla. 3d DCA 2001)). "Permissive venue clauses, on the other hand, constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum." Id. at 291.

Here, we find the trial court correctly found the language of the forum selection clause to be mandatory. See Sika Corp., 338 So. 3d at 34 ("A forum selection clause is mandatory where the plain language used by the parties indicates 'exclusivity.'" (quoting Antoniazzi v. Wardak, 259 So. 3d

4

206, 209 (Fla. 3d DCA 2018))); World Vacation Travel, S.A., 799 So. 2d at 412 (holding that clause specifying "both parties agree and accept to be subjected to the jurisdiction and competence of the [courts] of the city of Cancun . . . forsaking any other jurisdiction" was mandatory).  Because Joseph did not make a showing that enforcement of the forum selection clause would be unjust or unreasonable and failed to demonstrate any compelling reasons to disregard the clause, the trial court did not err in enforcing the contractual forum selection clause.  See Am. Safety Cas. Ins. Co., 76 So. 3d at 1092; Pocock, 360 So. 3d at 1222 ("A contractual venue designation constitutes a waiver of venue based on inconvenience.  A court may override this contractual waiver only when there are *compelling reasons* to do so.").

We find, however, the trial court erred in dismissing the case instead of transferring it to Orange County.  See Bush v. State, 945 So. 2d 1207, 1214 (Fla. 2006) (recognizing that Florida Rule of Civil Procedure 1.060(b) "gives a court authority to transfer a case when improper venue is sought; and transfer, rather than dismissal, is the preferred remedy in such a case"); Russomano v. Maresca, 220 So. 3d 1269, 1271 (Fla. 4th DCA 2017) (reversing and remanding a case to be transferred to the proper venue because "[t]he widely accepted practice in Florida courts, including the

Florida Supreme Court, is that where venue is improper, the case should be transferred, not dismissed").

Affirmed in part; reversed in part and remanded for the entry of an order transferring the case to Orange County.