# Third District Court of Appeal

## State of Florida

Opinion filed May 7, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-0468
Lower Tribunal No. 23-19334-CA-01

————————————

**Global Commercial Roofing, LLC,**
Appellant,

vs.

**iCrete, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno-Schurr, Judge.

Goetz & Goetz, and Gregory W. Goetz (Ft. Myers), for appellant.

Vincent F. Vaccarella, P.A., and Zachary L. Auspitz (Ft. Lauderdale), for appellee.

Before LINDSEY, GORDO, and BOKOR, JJ.

LINDSEY, J.

This is a breach of contract action relating to an alleged failure to pay a subcontractor. Appellant Global Commercial Roofing appeals the trial court's non-final order denying its Motion to Dismiss for improper venue and improper service. We affirm the trial court's decision on the service issue without discussion but reverse the trial court's ruling on the venue issue for the reasons set forth below.

Global claims the trial court erred in holding that the venue selection clause in the parties' contract was permissive and therefore not enforceable. We agree. The venue selection clause is attached to the choice of law clause. Together they read as follows: "The Subcontractor acknowledges and agrees that any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be settled under the laws of the State of Florida with venue in Lee County, FL."

"The interpretation of a contractual forum selection clause is a question of law, such that our standard of review is de novo." Joseph v. Princess Mktg. LLC, 393 So. 3d 830, 832 (Fla. 3d DCA 2024) (quoting Am. Safety Cas. Ins. Co. v. Mijares Holding Co., LLC, 76 So. 3d 1089, 1091 (Fla. 3d DCA 2011)). "An order granting a motion to dismiss also presents a pure question of law and is subject to de novo review." Id. (quoting W. Bay Plaza Condo. Ass'n, Inc. v. Sika Corp., 338 So. 3d 32, 34 (Fla. 3d DCA 2022)).

2

"We begin our analysis with recognition that in Florida, contracting parties are permitted to agree that any litigation stemming from their contract must be heard in a specific forum." Weisser v. PNC Bank, N.A., 967 So. 2d 327, 330 (Fla. 3d DCA 2007) (citing Dataline Corp. v. L.D. Mullins Lumber Co., 588 So. 2d 1078, 1079 (Fla. 4th DCA 1991)). "The polestar guiding the court in the construction of a written contract is the intent of the parties, and where the language used is clear and unambiguous the parties' intent must be garnered from that language[.]" Am. Safety Cas., 76 So. 3d at 1091 (quoting TECO Barge Line, Inc. v. Hagan, 15 So. 3d 863, 865 (Fla. 2d DCA 2009)). In applying forum selection clauses, "Florida courts should recognize the legitimate expectations of contracting parties." Manrique v. Fabbri, 493 So. 2d 437, 440 (Fla. 1986). The enforcement of forum selection clauses is favored because they "provide a degree of certainty to business contracts by obviating jurisdictional struggles and by allowing parties to tailor the dispute resolution mechanism to their particular situation." Am. Safety Cas., 76 So. 3d at 1091 (quoting Manrique, 493 So. 3d at 439). Selecting and agreeing to a particular venue in a contract should be an easy task for parties, not a minefield.

A crucial question in interpreting a forum selection clause is whether the clause is permissive or mandatory. "Permissive [forum selection]

clauses constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in another forum." Weisser, 967 So. 2d at 330 (alteration in original) (quoting Granados Quinones v. Swiss Bank Corp. (Overseas), 509 So. 2d 273, 274–75 (Fla. 1987). By contrast, mandatory forum selection clauses provide "for a mandatory and exclusive place for future litigation." Quinones, 509 So. 2d at 274.

In determining whether a forum selection clause is mandatory or permissive, the language of the clause must be examined to determine the intent of the parties. For example, in Quinones, the Florida Supreme Court found that the forum selection clause was permissive, not mandatory, because it provided that the creditor "*may*" institute legal proceedings in specified courts, not that it "*shall*" do so. 509 So. 2d at 275 (emphasis added). "Importantly, if the forum selection clause states or clearly indicates that any litigation must or **shall** be initiated in a specified forum, then it is mandatory." Espresso Disposition Corp. 1 v. Santana Sales & Mktg. Grp., Inc., 105 So. 3d 592, 595 (Fla. 3d DCA 2013) (cleaned up).

Here, the clause at issue is clear and unambiguous on its face. It follows that for the contracting parties to "acknowledge" and "agree" that litigation involving the contract "*shall* be settled . . . with venue in Lee

4

County," they intended for venue to be in exclusively in Lee County. See Celistics, LLC v. Gonzalez, 22 So. 3d 824, 825 (Fla. 3d DCA 2009) (finding a clause mandatory because the language "the parties agree to select the venue and jurisdiction of" indicated exclusivity); Gen. Home Dev. Corp. v. Kwirant, 819 So. 2d 255, 256–57 (Fla. 2d DCA 2002) (holding contract language stating that "[v]enue in any action brought by Purchaser or Builder shall be in East Pasco County, Florida" was a mandatory venue provision); Sonus-USA, Inc. v. Thomas W. Lyons, Inc., 966 So. 2d 992, 993 (Fla. 5th DCA 2007) ("The use of the word 'shall' in the document is clearly 'indicative of a mandatory provision rather than one that is permissive.'" (quoting Golden Palm Hosp., Inc. v. Stearns Bank Nat. Ass'n, 874 So. 2d 1231, 1237 (Fla. 5th DCA 2004))).

The parties here did not merely suggest Lee County as one option among others or waive objections to jurisdiction in Lee County—they "agree[d]" that "any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be settled. . . with venue in Lee County, FL." When parties designate a specific county in Florida by name, using words of exclusivity like "agree" and "shall," they intend to mandate that venue.

This clause is distinguishable from those we have held to be permissive. Cf. Regal Kitchens, Inc. v. O'Connor & Taylor Condo. Const., Inc., 894 So. 2d 288, 290-92 (Fla. 3d DCA 2005) (holding permissive a clause stating "[a]ny litigation concerning this contract shall be governed by the law of the State of Florida, with proper venue in Palm Beach County"). While this clause appears at first glance to be similar, it has key differences. The Regal Kitchens Court found that the mandatory language "shall" only applied to the choice of Florida law rather than to the venue selection, which is set off by a comma and cannot be modified grammatically by the language "shall be governed by." See id. at 291-92. By contrast, the clause here states without any grammatical difficulty that any controversy "shall be settled. . . with venue in Lee County, FL." Further, it contains additional language—"the Subcontractor acknowledges and agrees"—that constitutes another indicator of exclusivity. See Celistics, 22 So. 3d at 826. Most importantly, a straightforward reading of the clause here demonstrates that the parties intended to designate Lee County as the exclusive venue for any litigation pertaining to this contract—and that clear intent should be honored.

In conclusion, we reiterate that the venue clause challenged here states that "[t]he Subcontractor acknowledges and agrees that any controversy or claim arising out of or relating to this Contract, or the breach

thereof, shall be settled under the laws of the State of Florida with venue in Lee County, FL." This language is clear and unambiguous as to the parties' intent to agree that venue "shall" be in Lee County, Florida. Thus, we hold that this venue selection clause is mandatory. Accordingly, we reverse the trial court's order denying Global's Motion to Dismiss for improper venue and remand for further proceedings consistent herewith.

Reversed and remanded with instructions.