773 So.2d 1176 (2000)
Canute WILLIAMS, and the class of individuals whom he represents, Appellants,
v.
ATLANTIC SUGAR ASSOCIATION, INC., Appellee.
No. 4D99-3302.
District Court of Appeal of Florida, Fourth District.
November 22, 2000.
Rehearing Denied January 18, 2001.
*1177 Edward Tuddenham of Wiseman, Durst and Owen, Austin, Texas, Anthony John Natale of Anthony J. Natale, P.A., West Palm Beach, David L. Gorman of David L. Gorman, P.A., North Palm Beach, and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Pompano Beach, for appellants.
Elizabeth J. du Fresne, P.A., and Mark R. Cheskin, P.A., of Steel Hector & Davis LLP, Miami, Willie E. Gary and Madison McClellan of Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, Stuart, for appellee.
POLEN, J.
This case, originally a class action brought by mostly foreign sugar cane workers ("appellants") against various South Florida sugar companies for breach of an employment contract, is back before us for the second time. In our earlier decision in this case, we reversed the trial court's order granting partial summary judgment in favor of appellants, and remanded the case back to the trial court with instructions to resolve the ambiguities in the contract between the parties. Okeelanta Corp. v. Bygrave, 660 So.2d 743 (Fla. 4th DCA 1995). On remand, the trial court granted the sugar companies' motion to hold separate trials for each company. Atlantic Sugar Association, Inc. ("Atlantic") was the first company to proceed to trial.
*1178 Appellants, who were employed by Atlantic from 1987 to 1991, now appeal after a jury found in favor of Atlantic on their breach of contract claim. Of the many issues raised on appeal, appellants argue that the trial court erred by instructing the jury to harmonize two documents to determine the meaning and effect of the contract between the parties. They also argue that the trial court erred by sustaining Atlantic's objection to their peremptory challenge of a specific juror. We affirm.
Appellants were employed by Atlantic under the Wagner-Peyser Act, 29 U.S.C. § 49, et. seq., which allows the hiring of foreign workers after the Department of Labor (DOL) certification of insufficient availability of domestic workers ("certification"). To obtain DOL approval for hiring foreign workers, Atlantic submitted clearance orders which were "job offers" that described the terms and conditions of employment. They were circulated within the domestic market of employees, and when Atlantic's labor needs were not filled during the domestic recruiting period, DOL issued the certification.
Foreign workers, who must be employed under the same material terms and conditions of work as those offered in the clearance orders, were then hired by Atlantic. When each foreign worker was hired, he executed and received an individual work contract, negotiated on his behalf by the West Indies Central Labour Organisation, not later than the day the work commenced. The individual worker agreement, however, did not contain all of the terms included in the clearance order.
Appellants wanted the trial court to instruct the jury to interpret the clearance order alone in determining the terms of the contract. The trial court, however, instructed the jury, as follows:
The clearance order and the individual worker agreement should be read together in determining the contract's meaning and effect....
A material term is an important term.
The clearance order must contain all of the material terms and conditions of the job and those terms and conditions of work cannot be waived or forfeited by any other agreement or action.
If the material terms of the clearance order and the material terms of the individual worker agreement cannot be harmonized, then the material terms of the clearance order control.
Anything that is not a material term and condition of employment contained in the clearance order need not be included in the individual worker agreement.
At the conclusion of trial, the jury found against appellants. This timely appeal followed.
Appellants argue that the trial court should have instructed the jury to consider only the clearance order in determining the terms of the contract. We disagree. "When the agreement between the parties consists of several instruments, it is proper to insist that all of the documents be placed before the court as establishing the rights of the parties thereto." Johnson v. Smith, 84 So.2d 722, 725 (Fla. 1956). The instruments may be interpreted together even if entered into on different days, as long as they contain the same subject matter. Computer Sales Intern., Inc. v. State, Dept. of Revenue, 656 So.2d 1382, 1384 (Fla. 1st DCA), rev. denied, 666 So.2d 142 (Fla.1995). In this case, it is undisputed that the contract at issue consisted of the clearance order and the individual worker agreement. Because both instruments contained the same subject matter, we conclude the trial court did not err by placing both of them before the jury.
In this respect, we hold that the jury instructions were consistent with applicable federal law. Federal regulations provide that clearance orders act as work contracts only "[i]n the absence of a separate written work contract." 29 C.F.R. § 501.10(d)(1987). It follows, therefore, *1179 that the terms set forth in an extra written work contract should be considered in determining the terms of employment. Because the individual worker agreement did not completely mirror the clearance order, we conclude the trial court properly instructed the jury to consider the terms of both documents.
We also hold that appellants waived any error related to the disallowance of their peremptory challenge during voir dire. To preserve an error relating to the disallowance of a peremptory challenge, a party must renew his earlier challenge or accept the jury subject to the earlier challenge. Johnson v. State, 750 So.2d 22, 26 (Fla.1999). In this case, the record shows that appellants did neither. Thus, appellants failed to preserve this issue. See Schummer v. State, 654 So.2d 1215 (Fla. 1st DCA 1995)(holding that the defendant waived the issue relating to the disallowance of a peremptory challenge where he failed to object to jury panel prior to the acceptance of the jury).
Of the remaining points on appeal, we affirm as waived or unpersuasive.
AFFIRMED.
GUNTHER and STONE, JJ., concur.