979 So.2d 360 (2008)
TEXAS AUTO MART, INC., Appellant,
v.
THRIFTY RENT-A-CAR SYSTEM INC., Appellee.
No. 5D07-1876.
District Court of Appeal of Florida, Fifth District.
April 11, 2008.
Scott E. Siverson, Orlando, for Appellant.
Daniel J. Gerber and Timothy N. Bench of Rumberger, Kirk & Caldwell, Orlando, for Appellee.
PALMER, C.J.
Texas Auto Mart (TAM) appeals the final order entered by the trial court dismissing with prejudice its complaint against Thrifty Rent-A-Car System (Thrifty). Determining that TAM did not establish prejudice sufficient to defeat the requirement for the trial court to enforce the parties' contractual venue selection clause, we affirm.
TAM filed suit against Thrifty in Orange County based upon a 2002 lease agreement. Pursuant to the lease, TAM rented commercial property from Thrifty. Count I alleged a claim for breach of contract, count II alleged a claim for recoupment, and count III alleged a claim for recovery of a security deposit. TAM attached a copy of the parties' lease agreement to its complaint. Of importance to the instant appeal, the lease agreement contains the following venue selection clause:
ANY SUIT, ACTION OR PROCEEDING WITH RESPECT TO THIS LEASE AGREEMENT SHALL BE BROUGHT EXCLUSIVELY IN THE OKLAHOMA STATE COURTS OF COMPETENT SUBJECT MATTER JURISDICTION SITTING IN TULSA COUNTY, OKLAHOMA, OR IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA.
Thrifty responded to the complaint by filing a motion to dismiss based on improper venue. Citing to the above referenced contractual venue provision, Thrifty argued that proper venue was in Oklahoma.
While the matter was pending in the trial court, TAM filed a notice advising the trial court that, in 2002, Thrifty had filed a *362 lawsuit against TAM in Orange County concerning the same lease agreement. That complaint alleged a claim for eviction, a claim for damages (unpaid rent), and a claim on a guaranty. That lawsuit was later involuntarily dismissed by the trial court due to Thrifty's failure to prosecute.
The matter proceeded to an evidentiary hearing before the General Magistrate. The General Magistrate thereafter issued a report which recommended that the trial court deny Thrifty's motion to dismiss on the basis of improper venue because, by filing its 2002 lawsuit in Orange County, Thrifty had waived its right to enforce the venue selection provision of the parties' lease agreement against TAM in the instant lawsuit.
Upon review of the General Master's report, the trial court ruled that, although Thrifty had expressly waived its right to enforce the parties' venue selection provision in its 2002 lawsuit, such waiver was not perpetual and, thus, did not extend beyond the involuntary dismissal entered in that action. The court further held that dismissal of TAM's instant complaint with prejudice was warranted because venue was not proper in Orange County. This appeal timely followed.
TAM argues that the trial court reversibly erred in granting Thrifty's motion to dismiss based on improper venue. We disagree.
Florida law authorizes parties to stipulate in their contract to the venue that will be used to interpret and enforce their contract. See Manrique v. Fabbri, 493 So.2d 437, 440 (Fla.1986). If a venue selection clause unambiguously mandates that litigation be subject to an agreed upon venue, then it is reversible error for the trial court to ignore the clause. See Ware Else, Inc. v. Ofstein, 856 So.2d 1079, 1081 (Fla. 5th DCA 2003). However, contractual venue selection clauses can be waived. See Three Seas Corp. v. FFE Transp. Servs., Inc., 913 So.2d 72, 74-75 (Fla. 3d DCA 2005); Fla. R. Civ. P. 1.140. Waiver is "defined as the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right." Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005).
TAM argues that the trial court erred, as a matter of law, in granting Thrifty's dismissal motion on the basis of improper venue because Thrifty "permanently waived" its right to enforce the venue selection clause set forth in the parties' lease agreement when Thrifty filed its 2002 lawsuit against TAM in Orange County. TAM acknowledges that there is no Florida case law which supports its position; however, TAM suggests that this court should look to Florida arbitration cases which generally hold that a party's active participation in the judicial process results in a waiver of its arbitration rights. Although there is no arbitration case which mirrors the facts presented in this case, the case which is most instructive is The Hillier Group, Inc. v. Torcon, Inc., 932 So.2d 449 (Fla. 2d DCA 2006).
In that case, Torcon subcontracted with Hillier to perform services on a building project. The subcontract contained an arbitration provision. When the owner sued Torcon, Torcon filed a suit against Hillier for a breach of contract and indemnity. Torcon also filed a separate action against Hillier for declaratory relief relating to its obligation to participate in pre-suit mediation. Hillier sought arbitration in the indemnity action but did not demand arbitration in its answer in the declaratory judgment action. Torcon moved to dismiss the indemnity action arguing that, by not demanding arbitration in the declaratory judgment action, Hillier had waived *363 its right to demand arbitration in the indemnity action. The trial court agreed and denied the motion to dismiss the indemnity action. On appeal, the Second District Court of Appeal reversed, holding that litigation by a party of arbitrable issues might support a finding of the waiver of the right to arbitrate related issues in subsequent proceedings where the party's participation in the earlier litigation gave it an unfair advantage or prejudiced the other party. The court concluded that Hillier's waiver of the right to seek arbitration in the declaratory judgment action had not caused any prejudice to Torcon and, accordingly, there was no basis to extend Hillier's waiver in one action to the other.
Similarly, we hold that no waiver of venue selection in this suit resulted from Thirty's filing of its 2002 lawsuit because TAM has not shown either that it has been prejudiced by Thrifty's waiver of the venue clause in the earlier action or that Thrifty has been provided with any advantage as a result thereof. Accordingly, the venue provision remains enforceable.
AFFIRMED.
PLEUS and EVANDER, JJ., concur.