983 So.2d 786 (2008)
SHELBY HOMES AT MILLSTONE, INC., Appellant,
v.
Janine DaSILVA and Harold DaSilva, Appellees.
No. 4D07-4702.
District Court of Appeal of Florida, Fourth District.
June 18, 2008.
James B. Boone, Weston, for appellant.
Robert M. Weinberger of Cohen, Norris, Scherer, Weinberger & Wolmer, North Palm Beach, for appellees.
STEVENSON, J.
Mr. and Mrs. DaSilva, purchasers of a single-family home, filed this lawsuit in Indian River County against the seller, Shelby Homes at Millstone, Inc., alleging that Shelby Homes violated the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq., as well as the disclosure summary requirement of section 720.401, Florida Statutes. The trial court denied Shelby Homes' motion to dismiss for improper venue, which was based on the parties' alleged agreement that any litigation arising out of the sales contract would *787 take place in Broward County. We reverse and hold that the DaSilvas are bound by the forum selection clause of the agreement's standard disclosure provisions, which the DaSilvas initialed on October 2, 2005, and which were incorporated into the April 25, 2006 revised contract.
On October 2, 2005, the DaSilvas contracted to purchase an Evergreen model of the Millstone development from Shelby Homes. Thereafter, the DaSilvas opted to purchase the slightly larger Redwood model on the same lot and requested a change to their agreement. Consequently, on April 25, 2006, the parties executed a form contract entitled, "Builders Agreement For Sale  Millstone," on which "Revised Contract" was handwritten. The Builders Agreement For Sale reflects that Shelby Homes carried over the initial deposit from the contract on the Evergreen model to the contract on the Redwood model and the DaSilvas paid an additional deposit. On April 25, 2006, the parties also amended the "Builders Agreement For Sale; Options And Extras Addendum" form, on which was handwritten, "Contract Dated 4-25-06 voids Contract Dated 10-2-05." The options and extras addendum is a work order form on which extras, options, and upgrades are to be listed. In this case, the only "option" listed is a "change fee" for switching from the Evergreen to the Redwood model. There is also a note on the addendum that the seller does not guarantee that a pool will fit on the same lot. The parties made no further changes to the terms of the contract.
The "Builders Agreement For Sale" is a form contract that contains the following paragraph in uppercase letters directly above the signature line. It specifically references the Builders Agreement Standard Provisions as follows:
THIS AGREEMENT INCLUDES THE BUILDERS AGREEMENT STANDARD PROVISIONS, AND ANY ADDENDA ATTACHED HERETO. BUYER SHOULD NOT EXECUTE THIS PURCHASE AGREEMENT UNTIL HE OR SHE HAS READ THE DISCLOSURE SUMMARY PROVIDED TO IT BY SELLER AND CONTAINED IN PARAGRAPH 6 BELOW, AND REQUIRED BY FLORIDA STATUTES, SECTION 689.26. BUYER'S SIGNATURE ON THIS PURCHASE AGREEMENT ACKNOWLEDGES BUYER'S RECEIPT, AND REVIEW, OF THE DISCLOSURE SUMMARY WHOSE TERMS ARE INCORPORATED HEREIN BY THIS REFERENCE.
The "Builders Agreement Standard Provisions" are three pages of standard provisions that include a "Disclosure Summary for Millstone," in paragraphs 6 through 8. Provision 8.1 states that "[a]ny litigation between the parties arising out of this agreement will be in Broward County, FL. Each party hereby waives the right to a jury trial in any litigation arising out of this agreement." When the DaSilvas purchased the Evergreen model on October 2, 2005, they initialed all three pages of the standard provisions.
The theory behind the DaSilvas' lawsuit is that the handwritten language in the addendum, stating, "Contract Dated 4-25-06 voids Contract Dated 10-2-05," nullified the entire October 2, 2005 contract, and thus, the original disclosures, which the DaSilvas had initialed, are no longer valid. The DaSilvas contend that Shelby Homes violated state and federal law by failing to resubmit the standard disclosure summary to them when the parties revised their agreement. By extension, the DaSilvas contest the applicability of the forum selection clause because it is included in the disclosure summary. The DaSilvas filed sworn affidavits stating that they had initialed *788 the standard provisions when they signed the contract on October 2, 2005; however, Shelby Homes did not supply them with another copy of those standard provisions when they amended the agreement on April 25, 2006. At the time of the hearing on the motion to dismiss, Shelby Homes had not challenged those allegations.
Where, as here, the relevant facts are not in dispute, "`an appellate court reviews the interpretation of a contractual forum selection provision as a matter of law'" and the de novo standard of review applies. Citigroup Inc. v. Caputo, 957 So.2d 98, 100 (Fla. 4th DCA 2007) (quoting Am. Boxing & Athletic Ass'n v. Young, 911 So.2d 862, 864 (Fla. 2d DCA 2005)). The issue before this court is the legal one of whether the forum selection clause is binding. We hold that it is.
"It is a generally accepted rule of contract law that, where a writing expressly refers to and sufficiently describes another document, that other document, or so much of it as is referred to, is to be interpreted as part of the writing." OBS Co. v. Pace Constr. Corp., 558 So.2d 404, 406 (Fla.1990). In the present case, there is no doubt that the April 25, 2006 contract expressly refers to and incorporates the Builders Agreement Standard Provisions, which directly relate to the Builders Agreement For Sale. Furthermore, the fact that the standard provisions were executed on October 2, 2005, does not prevent their incorporation into the April 25, 2006 agreement. If the two documents concern the same subject matter, they may be interpreted together, even if entered into on different days. Williams v. Atl. Sugar Ass'n, 773 So.2d 1176, 1178 (Fla. 4th DCA 2000) (citing Computer Sales Int'l, Inc. v. State, Dep't of Revenue, 656 So.2d 1382, 1384 (Fla. 1st DCA 1995)).
Even though the revised options and extras addendum contains the handwritten statement, "Contract Dated 4-25-06 voids Contract Dated 10-2-05," it must be read in the proper context. It is an addendum to the Revised Builders Agreement For Sale, which contains this clear stipulation: "[t]his agreement includes the builders agreement standard provisions." The fact that the DaSilvas signed the Revised Builders Agreement For Sale, which expressly and unambiguously incorporates by reference the standard provisions, is significant. By signing that document, the DaSilvas acknowledged and agreed to be bound by the Builders Agreement Standard Provisions, which they admit to having reviewed on October 2, 2005. We therefore interpret the April 25, 2006 contract to validly encompass the Builders Agreement Standard Provisions, including the forum selection clause.
Our decision applies only to the viability of the Builders Agreement Standard Provisions under our guiding principles of contract interpretation. We make no determination regarding the validity of the plaintiffs' substantive claims under the disclosure statutes. Whether Shelby Homes violated state and federal disclosure requirements remains a matter to be determined by the trial court.
Reversed.
KLEIN and TAYLOR, JJ., concur.