SAWAYA, J.
 

 The issue we must resolve is whether a forum selection clause, which provides that “[t]he parties consent to the exclusive jurisdiction of the courts located in New York City, USA,” is mandatory or permissive. This issue comes to us via an order denying a motion to dismiss for improper venue filed by Travel Express Investment Inc. in a breach of contract action brought against it by AT & T in Seminole County, Florida. The trial court concluded that the clause is permissive, denied the motion, and allowed the litigation to proceed. We conclude, however, that the clause is mandatory and reverse the order under review.
 
 [1]
 

 The forum selection clause is an integral part of a contract prepared by AT & T for its customer, Travel Express. That clause is contained imparagraph 13.6 of the parties’ executed contract, which provides:
 

 The construction, interpretation and performance of this Agreement shall be
 
 *1226
 
 governed by the substantive law of the State of New York, excluding its choice of law rules, and applicable laws and regulations of the United States of America. The United Nations Convention on Contracts for International Sale of Goods shall not apply.
 
 The parties consent to the exclusive jurisdiction of the courts located in New York City, USA.
 

 (Emphasis added). It is the emphasized portion of the forum selection clause that is the critical provision and it will, therefore, be the focus of our analysis. Because we interpret a contractual provision, our standard of review is de novo.
 
 Shelby Homes at Millstone, Inc. v. DaSilva,
 
 983 So.2d 786 (Fla. 4th DCA 2008);
 
 Golden Palm Hospitality, Inc. v. Stearns Bank Nat. Ass’n,
 
 874 So.2d 1231 (Fla. 5th DCA 2004).
 

 In order to ‘“provide a degree of certainty to business contracts by obviating jurisdictional struggles’ ” and to give the parties to a contract the ability “ ‘to tailor the dispute resolution mechanism to their particular situation,’ ” the Florida courts recognize the right of contracting parties to select and agree on a forum in which to resolve future disputes.
 
 Golden Palm Hospitality,
 
 874 So.2d at 1234 (quoting
 
 Manrique v. Fabbri,
 
 493 So.2d 437, 439 (Fla.1986));
 
 see also Texas Auto Mart, Inc. v. Thrifty Rent-A-Car Sys. Inc.,
 
 979 So.2d 360, 362 (Fla. 5th DCA 2008) (“Florida law authorizes parties to stipulate in their contract to the venue that will be used to interpret and enforce their contract.”);
 
 Weisser v. PNC Bank, N.A.,
 
 967 So.2d 327 (Fla. 3d DCA 2007). Forum selection clauses generally fall into two categories: mandatory and permissive.
 

 Mandatory forum selection clauses require that suit be filed in the forum named in the clause.
 
 Golden Palm Hospitality,
 
 874 So.2d at 1236. “As a general principle, a trial court must honor a mandatory forum selection clause in a contract in the absence of a showing that the clause is unreasonable or unjust.”
 
 Aqua Sun Mgmt., Inc. v. Divi Time Ltd.,
 
 797 So.2d 24, 24-25 (Fla. 5th DCA 2001) (citing
 
 Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc.,
 
 743 So.2d 627, 631 (Fla. 1st DCA 1999));
 
 see also Texas Auto Mart,
 
 979 So.2d at 362 (“If a venue selection clause unambiguously mandates that litigation be subject to an agreed upon venue, then it is reversible error for the trial court to ignore the clause.”). On the other hand, permissive forum selection clauses are essentially a “consent” to jurisdiction or venue in the named forum and do not exclude jurisdiction or venue in another forum.
 
 Shoppes Ltd. P’ship v. Conn,
 
 829 So.2d 356, 358 (Fla. 5th DCA 2002);
 
 Mgmt. Computer Controls, Inc. v. Charles Perry Const., Inc.,
 
 743 So.2d 627, 631 (Fla. 1st DCA 1999);
 
 see also Granados Quinones v. Swiss Bank Corp. (Overseas), S.A.,
 
 509 So.2d 273 (Fla.1987).
 

 This court recently reiterated the test to be applied when determining whether a clause is permissive or mandatory:
 

 The general test for determining whether a clause is mandatory or permissive is the use by the parties of language indicating “exclusivity.”
 
 Golden Palm Hospitality,
 
 874 So.2d at 1236. “Absent such language, the clause will be considered permissive.”
 
 Id.
 
 If the forum selection clause “state[s] or clearly indicated] that any litigation must or shall be initiated in a specified forum,” then it is mandatory.
 
 Shoppes L.P. v. Conn,
 
 829 So.2d 356, 358 (Fla. 5th DCA 2002). If, on the other hand, a venue clause is determined to be permissive, then it is “nothing more than a consent to jurisdiction and venue in the named forum and do[es] not exclude jurisdiction or venue in any other forum.”
 
 Regal
 
 
 *1227
 

 Kitchens, Inc. v. O’Connor & Taylor Condo. Constr., Inc,
 
 894 So.2d 288, 289 (Fla. 3d DCA 2005);
 
 see Garcia Granados Quinones v. Swiss Bank Corp. (Overseas), S.A.,
 
 509 So.2d 273, 274-75 (Fla.1987).
 

 Sonus-USA, Inc. v. Thomas W. Lyons, Inc.,
 
 966 So.2d 992, 993 (Fla. 5th DCA 2007);
 
 see also Shoppes Ltd.
 

 The clause in the instant case specifically provides that the parties consent to “the exclusive jurisdiction” of the New York courts. This exclusivity provision clearly makes this clause unambiguous and mandatory. Moreover, we see nothing in the record to suggest that enforcement of this clause would be unfair or unjust. We are not alone in our conclusion. An almost identical clause was recently addressed in
 
 Weisser v. PNC Bank, N.A.,
 
 967 So.2d 327 (Fla. 3d DCA 2007). There, the clause under consideration stated, “The parties further consent to the exclusive jurisdiction of either the United States District Court for the District of Kansas or the District Court of Johnson County, Kansas, .... ”
 
 Id.
 
 at 329 (emphasis omitted). The Third District Court concluded that the clause was mandatory and explained:
 

 In the instant case, the mere use of the word “consent” does not render the forum selection clause in the Application permissive where the forum selection clause includes words of exclusivity specifying the exclusive jurisdiction of specified courts in Kansas for the “judicial resolution of any disputes arising under, or in anyway related to, the Application and Commitment.”
 

 We, therefore, find that the forum selection clause in the Application is unambiguous and contains words of exclusivity, and that the clause is mandatory, not permissive.
 
 See Golf Scoring Sys. Unlimited, Inc. v. Remedio, 877
 
 So.2d 827, 829 (Fla. 4th DCA 2004) (holding that forum selection clause, which provides that “[t]he parties hereto
 
 consent
 
 to Broward County, Florida, as
 
 the proper venue
 
 for all actions that may be brought pursuant hereto,” was mandatory because the use of the word “the” refers to only one “proper venue,” to the exclusion of other venues) (emphasis added);
 
 see also Regal Kitchens,
 
 894 So.2d at 291 (holding that where a forum selection clause lacks mandatory language or words of exclusivity to show that venue is proper in only the specified forum, the clause is permissive, not mandatory).
 

 Id.
 
 at 331-32. We agree with this rationale.
 

 Accordingly, we reverse the order denying the motion to dismiss for improper venue and remand for entry of an order dismissal.
 

 REVERSED and REMANDED.
 

 ORFINGER and LAWSON, JJ., concur.
 

 [1]
 

 . The relevant facts of the underlying litigation involving the contractual dispute between the parties are not relevant to our determination of the specific issue before us, and so we will not discuss them.