COHEN, J.
Horizons A Far, LLC (“Horizons”), seeks interlocutory review of the trial court’s non-final order denying the appointment of a receiver entered in favor of Appellees. We reverse.
In 2011, Horizons, a member of Plaza N 15, LLC (“Plaza”), filed a sworn complaint against Plaza’s managing member and subsidiary company. The complaint alleged causes of action for breach of fiduciary duty and conflict of interest arising primarily from violations of Plaza’s operating agreement. The complaint further sought injunctive relief in the form of an accounting, the temporary or permanent, if applicable, removal of the managing member, and the temporary appointment of a receiver to aid in an accounting and act as manager of Plaza in the manager’s stead. Horizons simultaneously filed an emergency motion seeking the same injunctive relief and appointment of a receiver.
While the motion was pending, the parties completed an accounting and Horizons filed an amended sworn complaint wherein it altered the claim for an accounting and raised additional causes of action, including fraud. After a hearing on the emergency motion, of which there is no transcript, the trial court denied the motion on the basis that Horizons waived the right to seek appointment of a receiver under Plaza’s operating agreement.[1] We disagree with the trial court’s interpretation of the operating agreement.
The trial court based its decision on section 13.4 of the operating agreement, which provides:
No Petition for Dissohition. The Members agree that irreparable damage would be done to the good will and reputation of the Company if any Member should bring an action in any court to dissolve the Company and to have a liquidator or receiver for the Company appointed. Care has been taken in this Agreement to provide what the parties *994 feel is fair and just payment in liquidation of the Interests of all Members. Accordingly, each Member hereby waives and renounces any right to file or pursue any such petition for dissolution of the Company or to seek the appointment by any court of a liquidator or receiver for the Company. If any Member, in violation of the foregoing provision, does file or pursue any such dissolution or liquidation petition or action in any court, the Company and/or any of the other Members shall be entitled to an injunction, as a matter of right, against such petition or action.
On appeal, Horizons argues section 13.4 did not constitute a waiver of its right to seek appointment of a receiver because it did not file a dissolution or liquidation action. Horizons claims section 13.4 only waives a member’s right to seek appointment of a receiver within the context of a dissolution or liquidation action. Conversely, Plaza argues the trial court properly interpreted the operating agreement to include a waiver of its members’ right to seek appointment of a receiver in all actions directed towards the company.
The trial court’s interpretation of a contract is a question of law subject to de novo review. Whitley v. Royal Trails Prop. Owners’ Ass’n, Inc., 910 So.2d 381, 383 (Fla. 5th DCA 2005). The parties’ intent, which must be gleaned from the four corners of the document, governs contract interpretation and construction. Crawford v. Barker, 64 So.3d 1246,, 1255 (Fla.2011); Whitley, 910 So.2d at 383. A clear, complete and unambiguous contract does not require judicial construction. Jenkins v. Eckerd Corp., 913 So.2d 43, 50 (Fla. 1st DCA 2005). In interpreting a contract, “[cjourts are not to isolate a single term or group of words and read that part in isolation; the goal is to arrive at a reasonable interpretation of the text of the entire agreement to accomplish its stated meaning and purpose.” Delissio v. Delissio, 821 So.2d 350, 353 (Fla. 1st DCA 2002); see also Am. Home Assurance Co. v. Larkin Gen. Hosp., Ltd., 593 So.2d 195, 197 (Fla.1992) (stating determination of intent requires consideration of contract’s language, subject matter, and object and purpose).
Section 13.4 is comprised of four sentences: two general statements of purpose, a statement of the parties’ agreement as to waiver, and a statement providing for the consequences of violating the agreement. The first sentence provides that the members agree “irreparable damage would be done to the good will and reputation of the Company if any Member should bring an action in any court to dissolve the Company and to have a liquidator or receiver for the Company appointed.” (Emphasis added). Employing the conjunction “and” suggests that the damage to Plaza would result from the filing of a dissolution action and petition to have a receiver (or liquidator) appointed therein. While the first sentence explains the potential damage of seeking to appoint a receiver or liquidator in the context of a dissolution action, the second sentence states that: “Care has been taken in this Agreement to provide what the parties feel is fair and just payment in liquidation of the Interests of all Members.” (Emphasis added). Plaza’s general interpretation of waiver is not consistent with the limited context in which the first two sentences of section 13.4 exist — dissolution and liquidation actions.
The third sentence, which the trial court found decisive, provides: “[E]ach Member hereby waives and renounces any right to file or pursue any such petition for dissolution of the Company or to seek the ap *995 pointment by any court of a liquidator or receiver for the Company.” (Emphasis added). Though this language indicates the parties intended that the members waived the right to seek appointment of a receiver generally, the surrounding language of section 1B.4 strongly supports the interpretation that the parties’ agreement to waive the right to appoint a receiver was intended to be limited to the context of dissolution or liquidation proceedings.
The final sentence provides for a penalty if the waiver agreement is violated. That sentence reads: “If any Member ... does file or pursue any such dissolution or liquidation petition or action in any court, the Company and/or any of the other Members shall be entitled to an injunction ... against such petition or action.” (Emphasis added). Under Plaza’s interpretation, it would not be entitled to an injunction where a receiver is sought outside the context of a dissolution or liquidation action, an interpretation which renders the injunction penalty partially inapplicable and meaningless. See Moore v. State Farm Mut. Auto. Ins. Co., 916 So.2d 871, 877 (Fla. 2d DCA 2005) (explaining courts will not render provisions meaningless when there is a reasonable interpretation that does not do so). Additionally, the words “or action in any court” do not refer to an action to appoint a receiver, as Plaza claims. Instead, the words “dissolution” and “liquidation” modify the words “petition” and “action,” and no reference is made in this sentence to an action to appoint a receiver.
A limited interpretation of waiver under section 13.4 is reasonable in the context of the entire operating agreement. Section 13.4 is but part of the larger article of the operating agreement dealing with dissolution, liquidation and reinstatement of the company post-dissolution. Section 13.4 is the fourth and final provision of the article, restricting company members from seeking specific relief in court. When read in the context of the entire agreement, section 13.4 evidences the parties’ intent to waive the right to appoint a receiver only in the context of a dissolution or liquidation action. Accordingly, the trial court erred in its interpretation.
Because the trial court relied on an erroneous interpretation of the operating agreement, it did not reach the issue of whether appointment of a receiver was appropriate. There are significant expenses and ramifications to the appointment of a receiver, which should be exercised with great circumspection. See McAllister Hotel, Inc. v. Schatzberg, 40 So.2d 201 (Fla.1949); Apalachicola N.R. Co. v. Sommers, 79 Fla. 816, 85 So. 361 (1920). This Court does not express an opinion as to the merits of Horizons’ request to appoint a receiver, and remands for such a determination.
REVERSED and REMANDED.
TORPY and LAWSON, JJ, concur.

. Prior to entering the order on Horizons’ emergency motion for injunctive relief, the trial court granted Plaza's motion to dismiss the request to appoint a receiver on the same basis. However, the amended sworn complaint seeking appointment of a receiver was filed immediately before entry of the motion to dismiss.