# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-2341
LT Case No. 2022-CA-020853

_____

PROPERTY REGISTRATION
CHAMPIONS, LLC,

    Appellant,

    v.

DAVID MULBERRY,

    Appellee.

_____

Nonfinal appeal from the Circuit Court for Brevard County.
David Dugan, Judge.

Nicole K. Atkinson and Amy S. L. Terwilleger, of Gunster,
Yoakley & Stewart, P.A., West Palm Beach, for Appellant.

Victor Lee Chapman, of Barrett, Chapman & Ruta, P.A.,
Orlando, for Appellee.

November 13, 2023

SOUD, J.

    Property Registration Champions, LLC appeals the trial
court's denial of its motion to dismiss, arguing that dismissal was
required because the forum selection clause in the employment
agreement between the parties required David Mulberry to file his
action in Delaware. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla.

Const.; Fla. R. App. P. 9.130(a)(3)(A). We reverse. The forum selection clause is mandatory and unambiguous and required Mulberry's action to be filed in Delaware.

## I.

Mulberry and PRC entered into an employment agreement by which Mulberry was employed as President and Chief Operating Officer of PRC. The employment agreement contained a forum selection clause:

> **Consent to Jurisdiction.** ***All*** judicial proceedings brought against any party arising out of or relating to this Agreement, or any obligations or liabilities hereunder, ***shall*** *be brought in the United States District Court for the District of Delaware*, provided that if such proceeding shall not satisfy applicable federal jurisdiction requirements, the dispute shall be brought in the state courts of the State of Delaware. By executing this Agreement, *each party* ***irrevocably*** *(a)* ***accepts*** *generally and* ***unconditionally*** *the* ***exclusive jurisdiction and venue*** *of such courts;* (b) *waives*, to the fullest extent permitted by applicable law any objection which they may now or hereafter have to the laying of venue of any such dispute brought in such court or *any defense of inconvenient forum* for the maintenance of such dispute; . . . *Notwithstanding the foregoing, [PRC] may seek injunctive or equitable relief to enforce the terms of this Agreement in any court of competent jurisdiction*.

(emphases, other than to title, added).

Ultimately, PRC terminated Mulberry's employment. As a result, Mulberry filed a three-count complaint in the Eighteenth Judicial Circuit Court of Florida seeking (i) a declaratory judgment finding the forum selection clause null and void because of *forum non conveniens*, as well as damages for (ii) unpaid compensation, and (iii) breach of contract.

PRC moved to dismiss the case based on the forum selection clause. Based upon its conclusion that the forum selection clause was permissive, the trial court denied the motion to dismiss and allowed the case to proceed in Florida. This appeal followed.

## II.

PRC argues the trial court erred in denying its motion to dismiss because the forum selection clause is mandatory and its plain language specifies Delaware as the exclusive venue for Mulberry's case. Mulberry argues that the clause, being ambiguous and inconsistent, is permissive, allowing his suit to proceed in Florida.

### A.

#### 1.

As a question of law, we review de novo the trial court's interpretation of the forum selection clause, as we do the interpretation of any contractual provision. *Ware Else, Inc. v. Ofstein*, 856 So. 2d 1079, 1081 (Fla. 5th DCA 2003).[1] We also review de novo the initial determination of whether a contract term is ambiguous, which, too, is a question of law. *Escobar v. United Auto. Ins.*, 898 So. 2d 952, 954 (Fla. 3d DCA 2005). Florida law governs our determination of the validity and enforceability of the forum selection clause. *See Kerr Constr., Inc. v. Peters Contracting, Inc.*, 767 So. 2d 610, 612 (Fla. 5th DCA 2000).

#### 2.

While a plaintiff generally may choose the venue in which to bring his suit, and his choice will not be disturbed when it is one provided for by Florida Statutes,[2] parties to a contract, of course, may in their contract agree on a venue for actions related to the

---

[1] Similarly, the trial court's ruling on the motion to dismiss is reviewed de novo. *See W. Bay Plaza Condo. Ass'n v. Sika Corp.*, 338 So. 3d 32, 34 (Fla. 3d DCA 2022).

[2] *See* § 47.011, Fla. Stat. (2021).

3

contract. *See Honea v. Walker Chem. & Exterminating Co.*, 393 So. 2d 1210, 1210 (Fla. 5th DCA 1981) (citing *Producers Supply, Inc. v. Harz*, 6 So. 2d 375 (Fla. 1942), and *Felkel v. Abernethy*, 150 So. 631 (Fla. 1933)). Therefore, Florida law has long presumed forum selection clauses are valid and enforceable. *See Am. Safety Cas. Ins. v. Mijares Holding Co.*, 76 So. 3d 1089, 1091 (Fla. 3d DCA 2011). Forum selection clauses "provide a degree of certainty to business contracts by obviating jurisdictional struggles and by allowing parties to tailor the dispute resolution mechanism to their particular situation." *Id.* (quoting *Manrique v. Fabbri,* 493 So. 2d 437, 439 (Fla. 1986)). "Forum selection clauses reduce litigation over venue, thereby conserving judicial resources, reducing business expenses, and lowering consumer prices." *Id.*

There are two types of forum selection clauses: mandatory and permissive. *See Travel Exp. Inv. Inc. v. AT & T Corp.*, 14 So. 3d 1224, 1226 (Fla. 5th DCA 2009); *see also Venus Concept USA, Inc. v. Angelic Body, LLC*, 362 So. 3d 258, 262 (Fla. 2d DCA 2023). Mandatory forum selection clauses require that suit be filed in the particular forum identified. *See Travel Exp. Inv. Inc.*, 14 So. 3d at 1226. A permissive forum selection clause only provides that there may be jurisdiction over such litigation in a particular forum. *See Shoppes Ltd. P'ship v. Conn*, 829 So. 2d 356, 357–58 (Fla. 5th DCA 2002); *see also Antoniazzi v. Wardak*, 259 So. 3d 206, 209 (Fla. 3d DCA 2018).

Generally, whether a forum selection clause is mandatory or permissive is determined by whether the language of the provision indicates "exclusivity." *Sonus-USA, Inc. v. Thomas W. Lyons, Inc.*, 966 So. 2d 992, 993 (Fla. 5th DCA 2007) (citing *Golden Palm Hosp., Inc. v. Stearns Bank Nat'l Ass'n,* 874 So. 2d 1231, 1236 (Fla. 5th DCA 2004)). Where a forum selection clause lacks words of exclusivity, it is considered permissive, and it is "nothing more than a consent to jurisdiction and venue in the named forum and do[es] not exclude jurisdiction or venue in any other forum." *Id.* However, if the plain language of the forum selection clause "state[s] or clearly indicate[s] that any litigation must or shall be initiated in a specified forum," then it is mandatory. *Id.*; *see also W. Bay Plaza Condo. Ass'n v. Sika Corp.*, 338 So. 3d 32, 34 (Fla. 3d DCA 2022); *Antoniazzi*, 259 So. 3d at 209; *Venus Concept USA,*

4

*Inc.*, 362 So. 3d at 262 ("[T]he use of the word 'shall' denotes a mandatory forum selection clause.").

Of course, there are no "magic words" that in and of themselves dictate an outcome. Yet, as is the case with any legal instrument—whether it be a constitution, statute, ordinance, regulation, contract, or will[3]—the text is supreme. *See Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020). Where the language of a contract is plain and unambiguous, it controls—full stop.

Importantly, when interpreting legal texts, including contractual provisions, Florida courts do not engage in a merely robotic exercise; nor do we strain for a strict (or lenient) interpretation. "A text should not be construed strictly, and it should not be construed leniently; it should be construed *reasonably*, to contain all that it *fairly* means." Antonin Scalia, *A Matter of Interpretation: Federal Courts and the Law* 23 (new ed.) (emphasis added). Thus, the proper work of the court is to arrive at a "fair reading" of the contract; that is to say, "determining the application of a governing text to given facts on the basis of how a *reasonable* reader, fully competent in the language, would have understood the text at the time it was issued." *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 33 (2012) (emphasis added).

As this Court has said, when "a venue selection clause unambiguously mandates that litigation be subject to an agreed upon venue, then it is reversible error for the trial court to ignore the clause." *Travel Exp. Inv. Inc.*, 14 So. 3d at 1226. "As a general principle, a trial court *must* honor a mandatory forum selection clause in a contract in the absence of a showing that the clause is unreasonable or unjust."[4] *Id.* (emphasis added)

---

[3] *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 51 (2012).

[4] To clear this high legal hurdle, the party seeking avoidance must demonstrate much more than "mere inconvenience or additional expense"; rather he must establish that "trial in the contractual forum will be so gravely difficult and inconvenient that

5

The plain language of the forum selection clause *sub judice* unambiguously indicates exclusivity. The clause makes clear that "*all*" suits arising out of or relating to the employment agreement[5] "*shall* be brought" in Delaware. In their agreement, both Mulberry and PRC agreed and "irrevocably . . . accept[ed] . . . unconditionally the *exclusive* jurisdiction and venue of" Delaware. Further, the parties "waive[d] . . . any defense of inconvenient forum." Therefore, based on this clear and unambiguous language, we conclude the forum selection cause is, by its express terms, mandatory. As a result, Mulberry was required to bring his suit in Delaware.

## B.

Amongst other arguments supporting his claim that the forum selection clause is permissive, all of which are rejected, Mulberry places great emphasis on the title of the forum selection clause, "Consent to Jurisdiction." He claims this wording is a "hallmark" of permissive forum selection clauses, and that this title creates an ambiguity in the substance of the provision, thus rendering it permissive. Mulberry's argument fails.

## 1.

The title "Consent to Jurisdiction" does not create any ambiguity. As our colleague Judge Jay has cogently noted:

---

he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." *Manrique*, 493 So. 2d at 440 n.4 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972)). Mulberry presents no such argument in this case. Rather, his arguments rest entirely on his position that the forum selection agreement is permissive rather than mandatory.

[5] The underlying suit clearly arises out of and relates to the employment agreement. Mulberry makes no suggestion to the contrary—and rightly so.

6

> [A] reader of the law all too often sees its heading as just so much signage along the statutory road map. But the title of a statute is of no small stature and should not be given short shrift. . . . [A] statutory title "is a permissible indicator of the meaning of [the] text." *U.S. v. Heon Seok Lee*, 937 F.3d 797, 812 (7th Cir. 2019) (citations omitted). A heading is "especially valuable" where "it reinforces what the text's nouns and verbs independently suggest ...." *Yates v. United States*, 574 U.S. 528, 552, 135 S.Ct. 1074, 191 L.Ed.2d 64 (2015) (Alito concurring).

*Fla. Fish & Wildlife Conser. Comm'n v. Hahr*, 326 So. 3d 1165, 1170 (Fla. 1st DCA 2021) (Jay, J., specially concurring). This same principle applies when reading the legally binding language of the contract before us.

With this in mind, rather than creating an ambiguity, the title "Consent to Jurisdiction" is consistent with the substance of the forum selection clause. This title simply identifies the paragraph addressing the parties' agreement as to the required forum for resolving disputes arising out of the contract. The substance of the paragraph itself sets forth the precise and detailed agreement between PRC and Mulberry related thereto.

The language of the title is "especially valuable" because it reinforces what the text[ ] . . . independently suggests." *See id.* Consent simply means, "agreement, approval or permission regarding some act . . .; legally effective assent." *Consent*, BLACK'S LAW DICTIONARY (11th ed. 2019). As discussed *supra*, in the employment agreement, the parties expressly gave their "legally effective assent" that "all" litigation arising out of the employment agreement "shall be brought" in Delaware. They further "agree[d]" and "irrevocably" accepted "generally and unconditionally the exclusive jurisdiction and venue" of Delaware. Simply put, each consented to jurisdiction and venue only in Delaware. That "consent"—that "agreement" as *Black's* defines consent—is properly set forth in both the title and substance of the forum selection clause.

7

## 2.

Mulberry further suggests that the title, when read together with the final sentence, renders the clause permissive because the final sentence modifies the entire provision. This argument is unavailing.

The final sentence reads: "Notwithstanding the foregoing, [PRC] may seek injunctive or equitable relief to enforce the terms of this Agreement in any court of competent jurisdiction." Rather than modifying the entire provision, this final sentence simply carves out an exception to the contract's requirement that Delaware alone is the forum for litigation of disputes arising out of the contract. This exception allows PRC, in courts outside of Delaware, to pursue *enforcement* of the contract in an action seeking *injunctive or equitable relief*.

This interpretation is made clear by the word "Notwithstanding," which is a preposition meaning "Despite; in spite of." *Notwithstanding*, BLACK'S LAW DICTIONARY (11th ed. 2019). Thus, the contract makes plain that despite the provision's requirement that Delaware alone is the forum for litigation of disputes arising out of the contract, PRC retained the right to proceed in any court of competent jurisdiction when seeking enforcement of the contract only though injunctive or equitable relief.[6] As such, contrary to Mulberry's argument, this final sentence does not modify the entire clause.

## 3.

Even if there were an inconsistency between the title of the clause and the terms thereof, "'text wins' in 'a war between text

---

[6] Though the contract reserves this right to PRC alone and not Mulberry, this does not render this provision invalid. *See Antoniazzi*, 259 So. 3d at 210 ("A contract will be considered valid even when its obligations are not mutual as long as there is consideration for the contract as a whole. This general proposition of law applies in the instant context, and we hold that the non-mutuality of the forum selection clause does not render it invalid or permissive.") (citation omitted).

and title[.]'" *Hahr*, 326 So. 3d at 1170 (Jay, J., specially concurring) (quoting *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 293 (5th Cir. 2020) (citing *Reading Law: The Interpretation of Legal Texts* 222-23)); *see also Hinely v. Fla. Motorcycle Training, Inc.*, 70 So. 3d 620, 624 (Fla. 1st DCA 2011) ("[T]he headings or subheadings of a document do not dictate the meaning of the entire agreement, especially where the literal language of the heading is contrary to the agreement's overall scheme."); *Certain Underwriters at Lloyds of London v. Pero Fam. Farm Food Co.*, No. 20-12711, 2023 WL 2855844 at *6 (11th Cir. Apr. 10, 2023) (quoting *Hinely*, 70 So. 3d at 624). To allow the title "Consent to Jurisdiction" to render the forum selection clause permissive would require us to overlook the plain and unambiguous language of exclusivity set forth in the provision. This, we will not do.

## III.

Since the mandatory forum selection clause unambiguously mandates that Mulberry's suit be brought in Delaware, the trial court erred in denying PRC's motion to dismiss. Accordingly, we REVERSE AND REMAND with instructions that the trial court dismiss this case.

It is so ordered.

MACIVER and PRATT, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––