# Third District Court of Appeal
## State of Florida

Opinion filed April 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1444
Lower Tribunal No. 23-28548-CA-01
_____


**Pierce Law Group, LLP,**
Appellant,

vs.

**Jaleh Factor, et al.,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Freeman Mathis & Gary, LLP, and Robert M. Klein, and Andrew M. Feldman, and Christopher J. Fraga, for appellant.

Boyle, Leonard & Anderson, P.A., and Molly Chafe Brockmeyer (Ft. Myers), for appellees.


Before LOGUE, C.J., and EMAS, and LINDSEY, JJ.

LINDSEY, J.

Appellant Pierce Law Group timely appeals a non-final order denying its Motion to Dismiss for Improper Venue. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(A) (authorizing appeals from non-final orders that "concern venue"). For the reasons set forth, we reverse and remand with instructions to grant the Motion to Dismiss for Improper Venue.

## I. BACKGROUND

This is a legal malpractice case arising out of prior litigation in the Eleventh Judicial Circuit. In that litigation, Pierce (a California law firm) represented Appellees—Sewby, LLC and Jaleh Factor—*pro hac vice* in Florida courts. That representation was governed by a Representation Agreement between Pierce and Appellees dated August 29, 2020. In the present litigation, Appellees assert Pierce committed malpractice by failing to pursue certain claims that were later pursued and settled by Appellees' successor counsel.

In May of 2024, Pierce filed a Motion to Dismiss Amended Complaint for Failure to State a Claim, or for Improper Venue, or Alternatively to Compel Arbitration. The trial court held a hearing in August of 2024 and denied the Motion to Dismiss in its entirety in a written order. The trial court held in its order that "[t]he Defendants' Engagement Agreement was limited to legal services provided: 'entirely within the State of California", and that "[t]he

2

Court considers the language of the Engagement Agreement dated August 29, 2020 as a qualifier and/or limitation for subsequent references to arbitration which the Court finds inapplicable as Defendant's legal services were within Florida."

The quoted portions of the trial court's order refer to Paragraph 11 of the Representation Agreement, which reads in its entirety:

> **11. GOVERNING LAW / ARBITRATION.** This Agreement will be governed by the laws of the State of California applicable to contracts entered into and to be performed entirely within the State of California, and may only be amended in a writing signed by the parties. The venue for the resolution of any disputes between the parties will be Los Angeles, California. Any dispute concerning this Agreement, our Firm's representation of you in this matter, or any other dispute between Client and Firm shall be submitted and decided by binding mandatory arbitration under the jurisdiction of the Beverly Hills Bar Association. If the Beverly Hills Bar Association does not have the jurisdiction or capacity to conduct any such arbitration, then the arbitration shall be conducted pursuant to the rules of the ADR Services with venue in Los Angeles. You are entitled to consult with an independent lawyer to review this arbitration provision before agreeing to it. By accepting these Agreement terms, you acknowledge that you have consulted with independent counsel, or if not, that you had the opportunity to do so.

This was the trial court's analysis of the issue:

> Listen, I think this agreement only applies to any contract between the parties that's to be performed entirely within the state of California. The allegation

3

is everything was to be done in Florida. It would be very reasonable for everything to be in California . . .[b]ut I'm not even going to the reasonable. I'm just looking at the whole paragraph.

I'm going to deny the motion because I find that this contract allegedly, at least at this point, allegedly was to be performed in the state of Florida, not in the state of California. . . .

And I do respect the parties' right to agree. And they agreed that whatever they were agreeing to is only with respect to services to be performed entirely within the state of California, and that is a precursor condition. I'm not sure of the right word, but I think of those might apply to the entire agreement, and by extension [the venue clause].

So I think that will make the issue on appeal very, very concise.

## II.    ANALYSIS

"The interpretation of a contract, including whether the contract or one of its terms is ambiguous, is a matter of law subject to de novo review." Super Cars of Miami, LLC v. Webster, 300 So. 3d 752, 754-55 (Fla. 3d DCA 2020) (quoting Real Estate Value Co., Inc. v. Carnival Corp., 92 So. 3d 255, 260 (Fla. 3d DCA 2012)).  "A text should not be construed strictly, and it should not be construed leniently; it should be construed *reasonably*, to contain all that it *fairly* means."  Prop. Registration Champions, LLC v. Mulberry, 373 So. 3d 675, 679 (Fla. 5th DCA 2023) (quoting Antonin Scalia, A Matter of Interpretation: Federal Courts and the Law 23 (new ed.)).  In

4

interpreting a contract, "[c]ourts are not to isolate a single term or group of words and read that part in isolation; the goal is to arrive at a reasonable interpretation of the text of the entire agreement to accomplish its stated meaning and purpose." Super Cars, 300 So. 3d at 755 (quoting Horizons A Far, LLC v. Plaza N 15, LLC, 114 So. 3d 992, 994 (Fla. 5th DCA 2012)).

First, we note that Paragraph 11 contains three separate provisions: a choice of law clause, a venue selection clause, and an arbitration clause. There is no indication in the language that any of the three provisions is dependent or contingent on either of the other two clauses.

The choice of law clause reads: "This Agreement will be governed by the laws of the State of California applicable to contracts entered into and to be performed entirely within the State of California, and may only be amended in a writing signed by the parties." The phrase "and to be performed entirely within the State of California" is not a limitation or qualifier. The portion of text that reads "the laws of the State of California applicable to contracts entered into and to be performed entirely within the State of California" answers the question, "by which laws will this Agreement be governed?" Put another way, "the laws . . . applicable to contracts entered into and to be performed entirely within the State of California" answers the question, "which laws of the State of California will govern this contract—

5

those applicable to all-California contracts, or those involving a foreign party?"

The trial court held that this adjectival phrase is a "precursor condition" limiting the applicability of *the entire Agreement* to work performed entirely in California. We reject this reading. There is nothing about the text that indicates it forms a "precursor condition" to anything. By its plain language, the choice of law provision says, "This Agreement will be governed by the laws …", then clarifies which laws, and has no meaning beyond that. This is the ordinary and usual function of choice of law provisions.

"[A] cardinal principle of contract interpretation is that the contract must be interpreted in a manner that does not render any provision of the contract meaningless." Super Cars, 300 So. 3d at 755 (quoting Silver Shells Corp. v. St. Maarten at Silver Shells Condo. Ass'n, Inc., 169 So. 3d 197, 203 (Fla. 1st DCA 2015)). "Where the contract is susceptible to an interpretation that gives effect to all of its provisions, the court should select that interpretation over an alternative interpretation that relies on negation of some of the contractual provisions." Siegle v. Progressive Consumers Ins. Co., 819 So. 2d 732, 739 (Fla. 2002) (quoting Inter-Active Servs., Inc. v. Heathrow Master Ass'n, Inc., 721 So. 2d 433, 435 (Fla. 5th DCA 1998)).

Here, the trial court erroneously held that this "precursor condition" must be met before the venue selection clause, the arbitration clause, or the rest of the Agreement applies. Reading the text as the trial court did would render every provision of the contract meaningless except the first sentence of Paragraph 11. This interpretation would lead to the conclusion that the parties meant for their Florida litigation to be governed by no contract at all. We reject such a reading. It violates the rules of construction set forth herein to conclude that the parties buried a phrase in Paragraph 11 that nullified their entire contract and rendered every other provision in the Agreement void.

Instead, we conclude that the choice of law provision does nothing more than choose the applicable law, as choice of law provisions do. See Interline Brands, Inc. v. Chartis Specialty Ins. Co., 749 F. 3d 962, 966 (11th Cir. 2014) ("Under Florida law, 'if one interpretation looking to the other provisions of the contract and to its general object and scope would lead to an absurd conclusion, such interpretation must be abandoned, and that adopted which will be more consistent with reason and probability.'" (quoting Inter-Ocean Cas. Co. v. Hunt, 189 So. 240, 242-43 (Fla. 1939))).

Paragraph 11 of the Agreement states: "The venue for the resolution of any disputes between the parties will be Los Angeles, California."

7

Because the contract contains a mandatory venue selection clause with no qualifications, the trial court should have dismissed for improper venue. "If the forum selection clause states or clearly indicates that any litigation must or shall be initiated in specified forum, then the clause is mandatory and must be honored by the trial court in the absence of a showing that the clause is unreasonable or unjust." Michaluk v. Credorax (USA), Inc., 164 So. 3d 719, 722-23 (Fla. 3d DCA 2015) (cleaned up) (quoting Travel Exp. Inv. Inc. v. AT & T Corp., 14 So. 3d 1224, 1226 (Fla. 5th DCA 2009)). Enforcement of a forum selection clause "is unreasonable and unfair only when the designated forum amounts to 'no forum at all.'" Castro v. Pullmantur, S.A., 220 So. 3d 531, 535 (Fla. 3d DCA 2017) (quoting Am. Safety Cas. Ins. Co. v. Mijares Holding Co., LLC, 76 So. 3d 1089, 1092 (Fla. 3d DCA 2011)). Because there is nothing in the record suggesting that Los Angeles, California amounts to "no forum at all," the venue selection clause should be enforced.

## III.   CONCLUSION

For the forgoing reasons, we are compelled to reverse and remand with instructions to grant Pierce's Motion to Dismiss for Improper Venue.

Reversed and remanded with instructions.